## In re ACADEMY ANSWERING SERVICE, INC.

### UNITED STATES of America Appellant,

v.

### ACADEMY ANSWERING SERVICE, INC. Appellee.

Civ. A. No. C88–3470.

United States District Court, N.D. Ohio, E.D.

Jan. 31, 1989.

---

Kathryn L. Roseen, Sindell, Rubenstein, Einbund, Pavlik & Novak, Cleveland, Ohio, for debtor.

Richard French, Asst. U.S. Atty., Cleveland, Ohio, Robin L. Greenhouse, Charles M. Greene, U.S. Dept. of Justice, Tax Div., Washington, D.C., for appellant.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Appellant United States of America appeals that portion of the bankruptcy court's June 1, 1988 order, 90 B.R. 294 (1988), which finds that the Internal Revenue Service ("IRS") willfully violated the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362(a), and 90 B.R. 291 (1988), which imposes an award of attorney's fees therefor in the amount of $1,000. No brief has been filed by appellee Academy Answering Service, Inc. ("Academy"). For the reasons set forth below, the bankruptcy court's finding of a willful violation and imposition of attorney's fees is reversed.

## I.

Academy filed a petition under Chapter 11 of the Bankruptcy Code on December 18, 1986. The IRS was listed as a creditor, and filed a proof of claim in April 1987. Without seeking relief from the automatic stay provisions of § 362(a), the IRS then levied on Academy's bank account and also offset certain of Academy's prepetition overpayments against its prepetition tax liability. According to the IRS, which has since released the levy and "frozen" the overpayments, these departures from Code protocol were not willful, but resulted from a delay in reprogramming its computer to accommodate certain changes in the law. Academy moved the bankruptcy court for, among other things, turnover of all refunds due at the time of the setoffs, and attorney's fees incurred in correcting the matter. The IRS moved for relief from stay to complete the setoffs. The bankruptcy court denied the turnover and granted the IRS's motion, but found the IRS's prior acts to be willful and so, upon Academy's petition, imposed attorney's fees in the amount of $1,000.

## II.

The government argues that its admitted violations of § 362(a)'s stay provisions were not willful, and deploys several arguments which it believes show both (1) that attorney's fees may not in any event be imposed against it, and (2) that Academy is ineligible for the relief awarded by the bankruptcy court. The government, indeed, furnishes four independent reasons for reversing the bankruptcy court's decision, any one of which, if persuasive, warrants that result. Without any guidance on these issues from Academy, the Court proceeds to evaluate the merits of the government's position.

■ The government's first argument is that Academy, as a corporation, is not entitled to the relief contemplated by § 362(h), relief which, the government suggests, is available only to "individuals." Section 362(h) provides that:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

In view of the cases cited by the government that reach a contrary conclusion,[1] and the lack of a persuasive rationale for distinguishing individuals and corporations as candidates for the contemplated relief, this Court is not satisfied that § 362(h) protection is unavailable to corporations. The failure of this argument, however, is not fatal to the government's position. Any one of its other, independent arguments secures the conclusions urged.

■ The government's second argument is that the doctrine of sovereign immunity precludes an award of attorney's fees against the United States absent express statutory authorization, which is lacking in the present case. Contrary to what the government indicates, the bankruptcy court appears not even to have considered that sovereign immunity may be a bar to the imposition of § 362(h) attorney's fees against the United States. The doctrine, however, does act as such a bar in the present case. It is well established, not only that a statutory waiver of immunity is required before fees can be assessed against the government, see *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), but also that a statute merely permitting recovery of attorney's fees generally cannot automatically be read as an implicit waiver of immunity, see *N.A.A.C.P. v. Civiletti*, 609 F.2d 514, 518–521 (D.C.Cir. 1979), *cert. denied*, 447 U.S. 922, 100 S.Ct. 3012, 65 L.Ed.2d 1114 (1980). The government is correct in noting that no indication is provided, either in § 362(h) itself or in § 106, the Bankruptcy Code's general sovereign immunity waiver provision (or in the legislative history of either provision), that Congress intended to expose the United

---

1. *Budget Service Co. v. Better Homes of Virginia,* 804 F.2d 289, 292 (4th Cir.1986); *In re Inslaw,*

76 B.R. 224, 241 (Bkrptcy.D.C.1987).

States to § 362(h) attorney's fee awards. Section 106 provides such exposure only where a claim against the government relates to "property of the estate" and arises "out of the same transaction or occurrence out of which [the government's] claim arose." The attorney's fees awarded by the bankruptcy court were not "property of [Academy's] estate." Nor did Academy's claim for attorney's fees arise out of the same "transaction or occurrence" out of which the government's claim arose. The doctrine of sovereign immunity thus provides a complete shield against liability for attorney's fees, and requires reversal of the bankruptcy court's award.

 The government's third argument, which supports the same conclusion, begins with the observation that, on those few occasions where Congress has enacted legislation waiving governmental immunity from fee awards, the statutes are carefully drafted and attach stringent conditions to the recovery of such awards. Importantly, fees are generally allowed only upon a showing that the government's position was not substantially justified and thus resulted in wasteful litigation. *See* the *Equal Access to Justice Act,* 28 U.S.C. § 2412. The government is correct in concluding, in accordance with accepted rules of construction, that the absence from § 362(h) of conditions Congress expressly incorporated in other statutes is strong evidence that Congress did not intend that the government be held liable for fees under § 362(h).

The protection afforded by § 362(h), finally, is available only to individuals *"injured* by any *willful* violation of a stay...." (emphasis supplied). The government argues that its violation was not willful and that Academy was in any case not injured thereby. This Court agrees that the inadvertence involved in failing timely to modify one's computer software to accommodate changes in the law does not rise to the level of "willfulness" as this term has been defined in, e.g., *In re Crispell,* 73 B.R. 375, 379 (Bkruptcy. E.D.Mo.1987). It is also undisputed that the IRS had, before Academy's motion for turnover and for fees, returned matters to their pre-violation *status quo ante.* Academy's motion was in this way otiose; and Academy was not injured as it would have been had it been forced to involve the bankruptcy court in returning the situation in its pre-violation state. Because the Court finds no willfulness and no injury, another necessary condition of an award of attorney's fees under § 362(h) is not met.

### III.

For the reasons set forth above, the bankruptcy court's finding of a willful violation of § 362(a) and its consequent imposition of a $1,000 attorney's fee award are hereby reversed.

IT IS SO ORDERED.