**In re Willis R. LONG, Debtor.**

**Bankruptcy No. 2–90–03600.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

June 23, 1992.

Judith M. McInturff, Columbus, Ohio, for debtor.

Frank M. Pees, Chapter 13, Trustee, Worthington, Ohio.

D. Michael Crites, U.S. Atty., Brenda Dodrill, Columbus, Ohio.

## ORDER ON ORDER AND NOTICE FOR HEARING ON CONTEMPT AND MOTION TO SHOW CAUSE

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This matter is before the Court upon the Order and Notice for Hearing on Contempt which was issued pursuant to the Motion to Show Cause Why the Internal Revenue Service Should Not be Held in Civil Contempt filed by Willis Long ("Debtor") and the Motion to Dismiss filed by the Internal Revenue Service ("IRS"), as well as the other pleadings filed regarding this issue. A hearing to consider this matter was held April 27, 1992, at which time the parties were afforded the opportunity to present evidence in support of their respective positions.

This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(O).

## I.  *Findings of Fact*

The Debtor filed his petition under Chapter 13 on May 25, 1990. The Debtor listed the IRS as a priority creditor in his schedules. The liability stemmed from joint tax returns filed by the Debtor and his spouse. The Debtor's spouse has not filed bankruptcy.

The Debtor's plan provided for the payment of the entire tax debt. The IRS did not object to the plan. The plan was confirmed by order of this Court entered August 6, 1990. The IRS filed a proof of claim on September 21, 1990 and subsequent proofs of claim on December 7, 1991 and February 21, 1992.

On January 21, 1992, the IRS levied against bank accounts held jointly by the Debtor and his spouse. The levy documents named both the Debtor and his spouse. One of the accounts affected by the levy was a checking account. The levy caused the funds in the checking account to become "frozen". As a result of the levy, ten checks were returned to the Debtor and his spouse for insufficient funds. The Debtor was assessed a fifteen dollar ($15.00) bank charge for each of the returned checks. An additional charge of ten dollars ($10.00) was assessed against the Debtor for the returned check issued to pay the Debtor's mortgage.

The Debtor also testified that he had received collection notices from the IRS after the filing of the bankruptcy.

Counsel for the Debtor contacted the IRS and requested that the funds be released and that the notices cease. The IRS directed the bank to release the funds back into the account nine days after the levy. The notices have apparently been terminated.

## II. *Conclusions of Law*

The Debtor contends that the IRS violated the automatic stay provided for under 11 U.S.C. § 362 by levying against the Debtor and his spouse's accounts. The Debtor further asserts that the post-petition collection notices sent by the IRS to the Debtor and his spouse also violated the stay.

The IRS, in response to the Debtor's motion, admits that the levy of the accounts constituted a violation of the automatic stay. However, the IRS challenges the Debtor's ability to obtain an award of money damages against an agency of the United States, citing the recently decided *United States v. Nordic Village, Inc.,* —— U.S. ——, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992)).

The IRS argues that *Nordic Village* provides that the waiver of immunity set forth in 11 U.S.C. § 106(c) does not grant authority to the bankruptcy court to order a recovery of money from the United States. Therefore, the Court cannot award the Debtor money damages for the IRS's violation of the automatic stay.

Section 106 provides:

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains "creditor", "entity", or "governmental unit" applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units.

The IRS appears to take the position that the only available grounds upon which the Debtor may assert a waiver of sovereign immunity is § 106(c). The *Nordic Village* decision was limited solely to application of that provision, and the IRS cites no other cases in support of its claim of sovereign immunity. However, the IRS has filed proofs of claim in this case. The filing of a proof of claim in a bankruptcy case is a prerequisite to the application of §§ 106(a) and (b). See *Alix v. Maryland Department of Economic and Employment Development, et al. (In re Cardinal Industries, Inc.)* Adv.Pro.No. 2–91–0199 (Bankr. S.D.Ohio—April 15, 1992, Judge Sellers). The Court therefore believes that analysis of these other two provisions is appropriate before an analysis of *Nordic Village* is undertaken.

■ Pursuant to § 106(a), the United States is deemed to have waived sovereign immunity when 1) the governmental unit has a "claim" against the estate, and 2) the estate's claim against the governmental unit "arose out of the same transaction or occurrence out of which such governmental unit's claim arose." *In re Town and Country Home Nursing Servs. Inc.,* 112 B.R. 329, 333 (9th Cir. BAP 1990).

It is clear in this case that the IRS asserts a claim against the estate. Such claim is evinced by the filing of proofs of claim by the IRS. Thus, the first requirement under § 106(a) is met.

■ In order to determine whether the second requirement under § 106(a) has been satisfied, the Court must examine the transaction or occurrence from which the parties' claims arise. Courts faced with this determination have applied the same standards used to evaluate compulsory counterclaims under Rule 13(a) of the Federal Rules of Civil Procedure, which requires a similar analysis. *In re Bulson,* 117 B.R. 537, 541 (9th Cir. BAP 1990).

The Sixth Circuit, along with the majority of courts, has adopted the "logical relation" test to assist in determining whether a claim constitutes a compulsory counterclaim under Rule 13(a). *Maddox v. Kentucky Finance Co., Inc.*, 736 F.2d 380, 382 (6th Cir.1984); *Brown v. United States (In re Rebel Coal Co., Inc.)*, 944 F.2d 320 (6th Cir.1991); *Ashbrook v. Block*, 917 F.2d 918, 923–24 (6th Cir.1990). A logical relationship is deemed to exist when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that both claims share the same operative facts as their basis. A logical relationship also exists under circumstances where the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant. *In re Lile*, 96 B.R. 81, 85 (Bankr.S.D.Tex.1989) (quoting *U.S. v. Aronson*, 617 F.2d 119 (5th Cir.1980)). The same transaction or occurrence analysis should be liberally interpreted. *Lile*, 96 B.R. 81, 85.

Attempts by the IRS to collect taxes owed by a debtor have been found to bear a logical relationship to a claim filed in the bankruptcy case by the IRS.

> In this case, the IRS's claim against the debtor arises from the debtor's failure to pay taxes owed. The debtor's claim arises pursuant to the attempt by the IRS to collect these taxes owed by the debtor. The basis of both cases revolve around the aggregate core of facts regarding the debtor's unpaid taxes. Therefore, we find that under these circumstances the essential facts relating to the tax claim itself are logically related to the governments's collection activities. As a result, the United States [sic] sovereign immunity is waived under § 106(a).

*Bulson*, 117 B.R. 537, 541.

The Court adopts the reasoning of these courts in applying § 106(a) and finds that the IRS has waived any defense of sovereign immunity it may have held. This would also avoid an inequitable result by requiring the IRS to confront both the pros and cons of participating in the Debtor's case.

Apart from the issue of waiver under § 106, courts have also found sovereign immunity to be waived in other circumstances which exist in this case, such as the filing of a proof of claim by the governmental unit. *In re Hughes–Bechtol, Inc.*, 124 B.R. 1007, 1016–18 (Bankr.S.D.Ohio 1991) and a request for an award of attorney's fees. *Matter of Fernandez*, 125 B.R. 317, 321 (Bankr.M.D.Fla.1991) (citing *Missouri v. Jenkins*, 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989)). Although both of these decisions were rendered before *Nordic Village*, the Court does not believe that they are affected by the Supreme Court's ruling, as these cases look to sources other than § 106 to find a waiver of sovereign immunity.

Having resolved the issue of sovereign immunity, the Court must now examine the IRS's conduct to determine whether a willful violation of the automatic stay occurred.[1]

■ Courts have almost universally interpreted a willful violations of the automatic stay to be

> [A]ny deliberate act taken in violation of a stay, which the violator knows to be in existence . . .

*Crysen/Montenay Energy Co. v. Esselen Associates, Inc.*, 902 F.2d 1098, 1105 (2nd Cir.1990); See also *Carroll v. Tri–Growth Centre City, Ltd.*, 903 F.2d 1266, 1272 (9th Cir.1990); *In re Bennett*, 135 B.R. 72, 75–76 (Bankr.S.D.Ohio 1992). Specific intent need not be demonstrated to find willfulness. *Bennett*, 135 B.R. 72, 76. An award of actual damages is justified if the actions which violated the stay were intentional. *Crysen/Montenay*, 902 F.2d 1098, 1105.

■ Clearly, the facts in this case demonstrate that the IRS had knowledge of the stay. It is equally obvious that the attachment of the Debtor's accounts and the sending of the collection notices were intentional acts of the IRS. The size of the IRS bureaucracy is not perceived by this Court

---

**1.** The IRS, in its Motion to Dismiss, has already conceded that "a single violation of the automatic stay as to this debtor" was committed by the IRS.

to constitute a valid defense to such acts. The largeness of the IRS cannot be weighted upon the Debtor. The IRS must take responsibility for its actions to the extent that such acts are a "cost of doing business". The Court must therefore conclude that the Debtor is entitled to recovery of actual damages, which are to include attorney's fees and bank charges.

 There was some testimony presented at the hearing concerning medical expenses incurred by the Debtor as a result of a collapse suffered by his spouse. Debtor attempted to establish that this collapse was directly attributable to the IRS's actions. However, no medical testimony was presented at the hearing to support this argument and the Court suspects that the collapse was more likely a result of the couple's overall financial condition and not attributable solely to the garnishment. Certainly, the reaction of the Debtor's spouse was not a typical or normal response. Therefore, the medical expenses referenced at the hearing are not recoverable.

The Court will also not impose punitive damages in this case. In order to justify an award of punitive damages under § 362(h), maliciousness or bad faith on the part of the offending creditors must be shown. *Crysen/Montenay*, 902 F.2d 1098, 1105. The Court cannot conclude that the IRS had any malicious intent or proceeded in bad faith by including the Debtor's name upon the levy documents. "This is not a case of blatant disregard for the automatic stay ..." *Bennett*, 135 B.R. 72, 77. It should also be noted that the IRS never received the attached funds from the bank and directed the funds to be released back to the Debtor upon discovering the erroneous inclusion of the Debtor's name upon the levy documents.

Lastly, courts considering the award of monetary damages against the IRS have held that § 106(a) must be read in conjunction with § 106(b) which provides an offset to the Debtor for claims against the IRS. The Debtor may only receive an actual judgment for the amount of any affirmative recovery found to be due the debtor in excess of the claim of the IRS. *Fernandez*, 125 B.R. 317, 321. The courts have reasoned that it is inequitable to permit a debtor to receive a cash award from the IRS while requiring the IRS to recover its own claim through the bankruptcy. *U.S. v. McPeck*, 910 F.2d 509, 513 (8th Cir.1990). Therefore, the actual damages incurred by the Debtor are to be offset against the Debtor's tax obligation as established by the allowed proofs of claim filed by the IRS in this case. Therefore, it is hereby

ORDERED that the IRS is liable to the Debtor for actual damages in the amount of $1,205.00; and, it is further

ORDERED that the amount referenced above be offset against the Debtor's tax obligations to the IRS.

IT IS SO ORDERED.