**In re Keith V. PINKSTAFF; Linda L. Pinkstaff, Debtors.**

**Keith V. PINKSTAFF; Linda L. Pinkstaff, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 91–35705.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 17, 1992 *.

Decided Sept. 1, 1992.

---

**10.** As counsel for Orris conceded at oral argument, however, this result is no more anomalous than what would have happened if Father had legitimized Son by marrying Orris.

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

114

Blair J. Henningsgaard, Brownhill & Henningsgaard, Astoria, Or., for plaintiffs-appellants.

John A. Dudeck, Jr., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before: WRIGHT, BEEZER, and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

Chapter 13 debtors Keith and Linda Pinkstaff appeal from the district court's affirmance of the bankruptcy court's dismissal of their claim against the United States for damages, attorney's fees and costs under 11 U.S.C. § 362(h), arguing that the Internal Revenue Service ("IRS")

willfully violated the automatic stay in their case by filing a notice of federal income tax lien after the Pinkstaffs had filed their bankruptcy petition. We reverse and remand.

◼◼◼ A debtor injured by a creditor's willful violation of a stay is entitled to recover his actual damages, including costs and attorney's fees, resulting from that violation. 11 U.S.C. § 362(h).[1] As defined by this court,

> A "willful violation" does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded.

*Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 227 (9th Cir.1989). As it is undisputed that the IRS "acted with knowledge of the bankruptcy filing," *see Carroll v. Tri–Growth Centre City, Ltd. (In re Carroll)*, 903 F.2d 1266, 1272 (9th Cir.1990), it necessarily follows that the government willfully violated the automatic stay. *See id.*

◼◼◼ Effectively conceding all of the above, the government argues that it is not liable in damages to the Pinkstaffs because it is protected by the doctrine of sovereign immunity. We disagree.

> A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

11 U.S.C. § 106(a). This provision unequivocally expresses the government's consent to be sued for money damages whenever a compulsory counterclaim is brought in response to a claim filed by the government. *United States v. Nordic Village, Inc.*, 503 U.S. ——, ——, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992). *Accord Sullivan v. Town & Country Home Nursing Servs., Inc. (In re Town & Country)*, 963 F.2d 1146, 1150 (9th Cir.1992) ("When a governmental unit formally invokes the jurisdiction of the bankruptcy court by filing a proof of claim, the government's exposure to counterclaim liability under section 106(a) is unquestioned.").

◼◼ In determining what constitutes a compulsory counterclaim, we apply the so-called "logical relationship" test of Fed. R.Civ.P. 13(a). *Pochiro v. Prudential Ins. Co. of America*, 827 F.2d 1246, 1249 (9th Cir.1987). For purposes of section 106(a),

> A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant.

*United States v. Bulson (In re Bulson)*, 117 B.R. 537, 541 (Bankr. 9th Cir.1990) (citations omitted), *aff'd by memorandum*, 974 F.2d 1341 [ (table) ] (9th Cir.1992).

◼◼ The court in *In re Bulson* applied the above test to facts virtually identical to those presented in the instant appeal, and reached the following conclusion:

> In this case, the IRS's claim against the debtor[s] arises from the debtor[s'] failure to pay taxes owed. The debtor[s'] claim arises pursuant to the attempt by the IRS to collect these taxes owed by the debtor. The basis of both cases revolve around the aggregate core of facts regarding the debtor's unpaid taxes. Therefore, we find that under these circumstances the essential facts relating to the tax claim itself are logically related to the government's collection activities.

---

1. That provision reads in its entirety: "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages."

As a result, the United States['] sovereign immunity is waived under § 106(a). *Id.* We accept the above as our holding here.[2]

Because we are unable to determine the extent of the Pinkstaffs' actual damages caused by the government's violation of the automatic stay, we must remand this case to the district court with instructions to remand to the bankruptcy court for further proceedings consistent with the above. *See In re Carroll,* 903 F.2d at 1272.

REVERSED and REMANDED.

---

**2.** We note in passing that one bankruptcy court has stated in dictum that the BAP's decision in *In re Bulson* was overruled by our opinion in *Pearson v. United States (In re Pearson),* 917 F.2d 1215 (9th Cir.1991). *See In re Spencer,* 123 B.R. 858, 862 (Bankr.N.D.Cal.1990). This is incorrect. *In re Pearson* deals with the scope of the government's sovereign immunity under 11 U.S.C. § 106(c), while *In re Bulson* discusses that subject under 11 U.S.C. § 106(a). Whatever confusion may have existed on that point has been cleared up by the Supreme Court's recent holding in *United States v. Nordic Village, Inc.,*

503 U.S. ——, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992), as well as our own opinion in *In re Town & Country,* 963 F.2d 1146 (9th Cir.1992). In fairness to both the bankruptcy and district courts, however, we note that they did not have the benefit of either the Supreme Court's ruling in *Nordic Village* or our holding in *In re Town & Country,* which we deem controlling.

