**In re James ADAMS, Jr., SSN: 258–64–1421, Vera F. Adams, SSN: 260–62–0081, Debtors.**

**James ADAMS, Jr. and Vera F. Adams, Plaintiffs,**

v.

**UNITED STATES of America, By and Through the INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 91–10835–ALB. Adv. Proc. No. 92–1033–ALB.**

United States Bankruptcy Court, M.D. Georgia, Albany Division.

Jan. 20, 1993.

David P. Ward, Albany, GA, for Plaintiffs.

Janice L. Rovner Feldman, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for Defendant.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On October 8, 1992, the court held a hearing on the Government's Motion to Dismiss the Complaint for Turnover of the Property of the Estate. At the conclusion of the hearing, the court gave the parties the opportunity to submit briefs on the issue of whether the Debtors' claim arose out of the same transaction or occurrence from which the Government's claim arose, thereby waiving the Government's sovereign immunity pursuant to 11 U.S.C.A. § 106(a)[1]. After considering the briefs submitted, the court finds that the Government's sovereign immunity was waived since the parties' claims arose from the same transaction or occurrence under § 106(a) of the Bankruptcy Code.

Section 106(a) of the Bankruptcy Code states that recovery from the Government can only be authorized where the Debtors' claim against the governmental unit and the governmental unit's claim against the Debtors' estate arise from the same transaction or occurrence. The Government argues that its claim for the Debtors' unpaid income taxes, which it sought to collect through a post-petition garnishment of the Debtor–wife's monthly paycheck, and the Debtors' complaint for turnover of monies garnished do not arise from the same transaction or occurrence. The Government cites a Sixth Circuit decision finding that the Debtor's preference claim for the recovery of funds garnished by the Government as part of civil fines imposed under the Mine Safety Act and the Government's claim for civil funds under the Mine Safety Act were not sufficiently related for the purposes of establishing a compulsory counterclaim. *In re Rebel Coal Company*, 944 F.2d 320, 322 (6th Cir.1991). Thus the *Rebel Coal* court held that, under § 106(a) of the Bankruptcy Code, sovereign immunity was not waived.

The Debtors argue that the Government's sovereign immunity has been waived under § 106(a) of the Bankruptcy Code since their Complaint for Turnover of Property of the Estate is a compulsory counterclaim to the Government's claim for unpaid income taxes. The Debtors rely upon two cases which are factually similar to the instant case and which found that the Government waived its sovereign immunity under § 106(a). *In re Pinkstaff*, 974 F.2d 113 (9th Cir.1992); *In re Long*, 142 B.R. 234 (Bankr.S.D.Ohio 1992).

On October 24, 1991, the Debtor filed a Chapter 13 petition. The IRS levied against the Debtor–wife's wages in the amount of $1,427.82 on October 31, 1991. On January 30, 1992, the Government filed a proof of claim for the federal income taxes owed by the Debtors for the 1988 and 1989 tax years. The Debtors' counsel filed the Adversary Proceeding complaint for turnover of property of the estate on May 15, 1992. The Government contends that since the commencement of the Adversary Proceeding, the funds were returned to the Debtors. On June 19, 1992, the Government filed an amended proof of claim that included the returned wages that had been levied. On August 14, 1992, the Government filed a Motion to Dismiss the Complaint for Turnover of Property of the Estate.

The Government's filing of a proof of claim against the estate was a waiver of sovereign immunity with respect to compulsory counterclaims as defined by Rule 13(a) of the Federal Rules of Civil Procedure. The Eleventh Circuit uses the "logical relationship" test for determining whether a counterclaim is compulsory. *Republic Health Corp. v. Lifemark Hosp. of Fla.*, 755 F.2d 1453, 1455 (11th Cir.1985) (following *United States v. Aronson*, 617 F.2d 119, 121 (5th Cir.1980)). The court in *Republic Health Corporation* provided that a logical relationship exists "when 'the same operative facts serve as the basis of claims or the aggregate core of facts upon which the claim rests activates additional legal

---

1. Section 106(a) provides:

    A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose. 11 U.S.C.A. § 106(a) (West 1979).

rights, otherwise dormant, in the defendant.'" *Republic Health Corp.*, 755 F.2d at 1455 (quoting, *Plant v. Blazer Fin. Serv. Inc.*, 598 F.2d 1357, 1361 (5th Cir. 1979)).

Applying the Eleventh Circuit's "logical relationship" test to the instant case, the court finds that the same operative facts, which are the Debtors' unpaid income taxes, serve as the basis for both claims. Since there exists a logical relationship between the parties' claims, the Government is deemed to have waived its sovereign immunity pursuant to § 106(a) of the Bankruptcy Code.

Other courts with basically the same facts have ruled similarly to this court, also finding the Government to have waived its sovereign immunity. *In re Pinkstaff*, 974 F.2d 113 (9th Cir.1992); *In re Long*, 142 B.R. 234 (Bankr.S.D.Ohio 1992). Judge Donald E. Calhoun, Jr., in *In re Long*, held that the Internal Revenue Service waived its sovereign immunity with respect to the Chapter 13 Debtor's claim for actual damage resulting due to the IRS's post-petition levy against the debtor's accounts and the sending of notices. In *Long*, the debtor filed his petition on May 25, 1990. The IRS filed a proof of claim on September 21, 1990, and subsequent proofs of claim on December 7, 1991, and February 21, 1992. The IRS issued a post-petition levy against the bank accounts that were held jointly by the debtor and his spouse. The Debtor also had received collection notices from the IRS after the filing of the bankruptcy.

The court stated that the issue of whether the IRS had waived its sovereign immunity would not be decided under § 106(c) since a proof of claim had been filed. Under § 106(a), the Government "is deemed to have waived sovereign immunity when 1) the governmental unit has a 'claim' against the estate, and 2) the estate's claim against the governmental unit 'arose out of the same transaction or occurrence out of which such governmental unit's claim arose.'" *Id.* at 236. The Court found that the first requirement under § 106(a) was satisfied by the IRS filing a proof of claim. However in order to determine if the second requirement was satisfied, the *Long* court had to examine the transaction and occurrence from which the parties' claims arise.

Courts using the "same transaction and occurrence" analysis under § 106(a) of the Bankruptcy Code "... have applied the same standards used to evaluate compulsory counterclaims under Rule 13(a) of the Federal Rules of Civil Procedure, which require a similar analysis." *Id.* Judge Calhoun used the "logical relation" test to help in the determination of whether a claim constitutes compulsory counterclaim under Rule 13(a).

"A logical relationship is deemed to exist when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that both claims share the same operative facts as their basis. A logical relationship also exists under circumstances where the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant." *Id.* at 237.

The court noted that the "same transaction or occurrence" test should be interpreted liberally.

In *Long*, the court found the claim of the IRS against the Debtor's estate to have arisen from the failure of the Debtor to pay taxes due. The Debtor's claim arose due to an attempt by the IRS to collect these unpaid taxes of the Debtor. " 'The basis of both [claims] revolves around the aggregate core of facts regarding the debtor's unpaid taxes.' " (Citation omitted) *Id.* The *Long* court found " '... that under these circumstances the essential facts relating to the tax claim itself are logically related to the government's collection activities.' " (Citation omitted) *Id.* Therefore, the court held that under § 106(a), the government had waived its sovereign immunity.

In September of 1992, the Ninth Circuit in *In re Pinkstaff* held that the IRS waived its sovereign immunity under § 106(a). 974 F.2d 113 (9th Cir.1992). Although the government had filed a proof of claim and violated the automatic stay, it argued that

no damages could be awarded since its sovereign immunity under § 106(a) had not been waived. Under § 106(a), the government waives its sovereign immunity when a compulsory counterclaim is brought in response to a claim filed by the government. A compulsory counterclaim is determined by the "logical relationship" test of Federal Rules of Civil Procedure 13(a). The *Pinkstaff* court defined the logical relationship test almost the same as the *Long* court. *Supra.* The *Pinkstaff* court relied upon *In re Bulson*, which applied the logical relationship test to a virtually identical set of facts. *In re Bulson*, 117 B.R. 537, 541 (Bankr. 9th Cir.1990), aff'd by memorandum, 974 F.2d 1341 [(table)] (9th Cir. 1992). The *Pinkstaff* court quoting *Bulson*, stated that:

> "In this case, the IRS's claim against the debtor[s] arises from the debtor[s'] failure to pay taxes owed. The debtor[s'] claim arises pursuant to the attempt by the IRS to collect these taxes owed by the debtor. The basis of both cases revolve around the aggregate core of facts regarding the debtor's unpaid taxes. Therefore, we find that under these circumstances the essential facts relating to the tax claim itself are logical-

ly related to the government's collection activities. As a result, the United States['] sovereign immunity is waived under § 106(a)." *Pinkstaff*, 974 F.2d at 115, 116 (citation omitted).

Applying the analysis of *Republic Health Corp., supra*, to the case at hand, the same operative facts, that being the Debtors' unpaid taxes, serve as the basis of the IRS and the Debtors' claims. The Government's claim against the Debtors arises from the Debtors' failure to pay taxes owed. The Debtors' claim arises due to the attempt by the Government to collect these unpaid taxes. The facts in this case which relate to the IRS's claim itself are logically related to the IRS's collection activities. Therefore, the Government has waived its sovereign immunity under § 106(a). The Government's motion to dismiss is hereby denied.