In re Thomas Allan **LILE.**

**UNITED STATES of America, Appellant,**

v.

**Thomas Allan LILE, Appellee.**

**Civ. A. No. H–89–3463.**

United States District Court,
S.D. Texas,
Houston Division.

June 11, 1993.

Louise P. Hytken, Dept. of Justice, Dallas, TX, for appellant.

O. Otis Bakke, Bakke, Sternat & Gallman, Houston, TX, for appellee.

U.S. Bankruptcy Clerk, pro se.

### MEMORANDUM AND ORDER

ROSENTHAL, District Judge.

Pending before this court are the briefs of appellant United States of America ("appellant") and appellee Thomas Allan Lile ("appellee"). After a careful review of the facts, the parties' submissions, and the applicable authority, this court AFFIRMS the bankruptcy court's decision.

### 1. Background

This case arises out of efforts by the Internal Revenue Service ("IRS") to collect payroll taxes owed by the Bayou City Oyster Company, Inc. ("BCOC"), a restaurant formerly located at 2171 Richmond Avenue in Harris County, Texas. On June 20, 1986, BCOC filed Chapter 11 bankruptcy. On the same day, Thomas Lile ("Lile"), the sole shareholder and president of BCOC, filed Chapter 11 bankruptcy. BCOC failed to pay its federal employee payroll taxes for all four quarters of 1987, in an amount between $155,000 and $156,000. On December 7, 1987, BCOC's Chapter 11 bankruptcy was dismissed.

The IRS made demands upon BCOC to pay its outstanding tax liability. After a Final Notice and Demand was returned refused, the IRS seized property at the restaurant. Lile admitted that some of this property, including the perishable food and a computer, belonged to BCOC. Lile or his

attorney also informed the IRS that the lease and much of the personal property belonged to Lile. The IRS nonetheless seized the property and padlocked all the items inside the premises. After the IRS Special Procedures Staff made a recommendation regarding the ownership of the seized items, the IRS returned the items listed on Lile's amended bankruptcy schedules or in a bill of sale to Lile.

The IRS did not request relief from the stay in Lile's bankruptcy case. On March 30, 1988, Lile filed a motion for contempt for violation of 11 U.S.C. § 362 and for sanctions under 11 U.S.C. § 362(h). The bankruptcy court found the IRS liable for $450 in actual damages, $100,000 in punitive damages, and awarded Lile attorney fees and costs, 103 B.R. 830. The IRS has now appealed that judgment.

## 2. Standards of Review

This court has authority to hear this appeal pursuant to 28 U.S.C. § 158(a) (1990). In general, the bankruptcy court's factual determinations will not be overturned unless clearly erroneous. *Matter of Fabricators, Inc.*, 926 F.2d 1458, 1464 (5th Cir.1991). The bankruptcy court's legal conclusions are reviewed *de novo*. *Id.* When the bankruptcy court's factual findings are based upon an improper legal conclusion, that factual finding is also reviewed *de novo*. *Id.*

## 3. Discussion

The IRS appeals on a number of grounds, including the bankruptcy court's: (1) finding a waiver of sovereign immunity under 11 U.S.C. § 106(a)[1]; (2) finding a willful violation of the stay; (3) award of punitive damages; and (4) award of attorney fees. (Docket Entry No. 2).

### A. Waiver of Sovereign Immunity

■ The IRS cites authorities discussing whether 11 U.S.C. § 106(c) waives sovereign immunity. Although somewhat analogous, this authority has been undermined by cases dealing specifically with § 106(a). In a number of cases, courts have stated that § 106(a) waives the IRS' sovereign immunity. *In re: Town & Country Home Nursing Services, Inc.*, 963 F.2d 1146, 1150 (9th Cir.1991); *In re: Taylor*, 148 B.R. 361, 364 (S.D.Ga.1992); *In re: Long*, 142 B.R. 234, 237 (Bankr. S.D.Ohio 1992); *In re: Solis*, 137 B.R. 121, 125–26 (Bankr.S.D.N.Y.1992); *In re: Fernandez*, 132 B.R. 775, 779–80 (M.D.Fla.1991); *In re: Price*, 130 B.R. 259, 271 (N.D.Ill.1991); *In re: Cowart*, 128 B.R. 492, 497 (Bankr. S.D.Ga.1990); *In re: Burlson*, 117 B.R. 537, 540 (9th Cir. BAP 1990) *aff'd*, 974 F.2d 1341 (9th Cir.1992).

This result is consistent with the Supreme Court's recent statement that sovereign immunity is waived under § 106(a). *United States v. Nordic Village Inc.*, —— U.S. ——, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992). In *Nordic Village*, the Supreme Court stated that waivers of sovereign immunity must be "unequivocably expressed." —— U.S. at ——, 112 S.Ct. at 1014. In *dicta*, the Supreme Court found that "[s]ubsections (a) and (b) of § 106 meet this 'unequivocable expression' requirement with respect to monetary liability." *Id.* at ——, 112 S.Ct. at 1015. Therefore, this court finds that § 106(a) waives the IRS' sovereign immunity.

■ The IRS also argues that, even if waiver can occur under § 106(a), waiver is not appropriate in the present case because the same transaction or occurrence requirement of § 106(a) has not been satisfied. The IRS cites a number of cases for the proposition that claims against a corporation and its responsible officers are separate. (Docket Entry No. 2, pp. 23–25; Docket Entry No. 4, pp. 4–5). This court, however, finds that the IRS' claim for employee taxes and Lile's subsequent claim for violation of the automatic stay all arise from the same transaction or occurrence, under § 106(a). *See Long*, 142 B.R. at 237; *Solis*, 137 B.R. at 126–27; *Fernandez*, 132 B.R. at 780; *In re: Price*, 130 B.R. at 270–71; *Burlson*, 117 B.R. at 541.

---

1. Although the IRS argues separately for the doctrine of sovereign immunity and waiver under § 106(a), the determinative question is whether § 106(a) waives the government's sovereign immunity.

### B. The IRS Willfully Violated the Automatic Stay

■ This court reviews the factual question of whether the IRS willfully violated the automatic stay under the clearly erroneous standard. *Matter of Fabricators,* 926 F.2d at 1464. Under the clearly erroneous test, this court can set aside a factual determination only when this court has a "firm and definite conviction that a mistake had been committed." *Oil, Chemical and Atomic Workers International Union v. Ethyl Corp.,* 703 F.2d 933, 935 (5th Cir.1983). "An appellate court cannot substitute its interpretation of the evidence for that of the trial court simply because the reviewing court 'might give the facts another construction, resolve ambiguities differently, and find a more sinister cast to the actions the [lower court] apparently deemed innocent.'" *Inwood Laboratories v. Ives Laboratories,* 456 U.S. 844, 857–58, 102 S.Ct. 2182, 2190, 72 L.Ed.2d 606 (1982) (quoting *United States v. Real Estate Boards,* 339 U.S. 485, 495, 70 S.Ct. 711, 717, 94 L.Ed. 1007 (1950)). If a lower court's decision "is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 574, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985).

■ The bankruptcy court was presented evidence that the IRS knew of Lile's pending bankruptcy and knew that the lease was in Lile's name. The record before the bankruptcy court included evidence that on December 16, 1987, Lile visited the IRS and stated that BCOC and he were both Chapter 11 debtors. On January 28, 1987, when the IRS seized the restaurant's property, Lile provided the IRS with proof that he personally owned the lease and that he also owned some of the personal property. Several other parties, including Lile's wife and Lile's attorney, also informed the IRS that Lile personally owned some of the seized property. This court cannot find that the bankruptcy court clearly erred in finding that the IRS willfully violated the automatic stay by seizing and retaining the property after learning this information.

### C. Punitive Damages Were Properly Awarded Against the IRS

■ Punitive damages may be awarded against the United States for violations of an automatic stay. This court has concluded that 11 U.S.C. § 106(a) waives the government's sovereign immunity. 11 U.S.C. § 362(h) states that punitive damages may be recovered in appropriate circumstances. The IRS cites no case specifically holding that punitive damages cannot be recovered for a § 362(h) violation. A number of courts have held that punitive damages may be recovered against the IRS. *Long,* 142 B.R. at 238; *Solis,* 137 B.R. at 133; *In re: Nichols,* 1991 WL 539972, * 2–3, 1991 Bankr. LEXIS 277, ** 7–8 (Bankr.E.D.Pa. February 22, 1991).

■ The IRS argues that punitive damages should not have been awarded because its conduct was not sufficiently egregious to warrant such damages. As with the willful violation argument, this court must review the bankruptcy court's holding under the clearly erroneous standard. *See supra.*

The bankruptcy court found the IRS' actions reckless and in "arrogant defiance" of the bankruptcy stay. The bankruptcy court considered the IRS' decision to seize and hold the premises of the BCOC restaurant even after Lile or Joseph Caudill, the lease manager, showed the IRS agents a copy of the lease indicating that Lile was the owner of the lease. *In re: Lile,* 103 B.R. at 832–33. The evidence before the bankruptcy court included a statement by an IRS agent to the effect that it did not matter who owned the lease, the IRS was shutting the business down. *Id.* at 833. The IRS then chained and padlocked the premises. *Id.* This court cannot hold that the bankruptcy court was clearly erroneous in finding that the IRS' reckless disregard of the ownership of the personal property supports the punitive damages award. *See In re: Bloom,* 875 F.2d 224, 228 (9th Cir.1989); see also *In re: Wagner,* 74 B.R. 898, 904–05 (Bankr.E.D.Pa. 1987); *In re: Nichols,* 1991 WL 539972, * 2, 3–4, 1991 Bankr. LEXIS 277, ** 5, 9 (Bankr. E.D.Mo. February 22, 1991).

■ The IRS also argues that the punitive damages award was disproportionate. The IRS claims that a punitive damages award of $100,000, in light of a $450 compensatory damages award, is *per se* unconstitutional. In *Pacific Mutual Life Ins. Co. · v. Haslip*, 499 U.S. 1, 17, 111 S.Ct. 1032, 1043, 113 L.Ed.2d 1 (1991), the Supreme Court recognized that a substantial award of punitive damages might violate the fourteenth amendment's due process clause. The Supreme Court did not establish a bright line test, instead stating that reasonableness and adequate guidance concerns should inform the constitutional analysis. *Id.*

■ The Fifth Circuit has interpreted *Haslip* as involving a two-step test: "(1) whether the circumstances of the case indicate that the award is reasonable; and (2) whether the procedure used in assessing and reviewing the award imposes a sufficiently definite and meaningful constraint on the discretion of the factfinder." *Eichenseer v. Reserve Life Ins. Co.*, 934 F.2d 1377, 1381 (5th Cir.1991). Although the size of the punitive damages award and its relationship to the compensatory damage award are factors to be considered, neither factor is dispositive. *Id.* at 1382.

■ If any circumstances of probative force support the punitive damages award, the "reasonableness" prong is satisfied. *Id.* In *Haslip*, the Supreme Court identified two factors supporting the amount of the award: (1) the reprehensible nature of the conduct; and (2) a significant societal interest in preventing similar conduct. 499 U.S. at 17, 111 S.Ct. at 1043. In the present case, the bankruptcy court found the IRS' conduct reprehensible, given the IRS' knowledge that Lile owned the lease and the repeated warnings that Lile owned much of the personal property. Furthermore, there is a strong societal interest in preventing similar conduct by the IRS. Finally, this case is similar to a finding of reasonableness in *Eichenseer*, in which the Fifth Circuit found that appellant's reckless disregard for appellee's rights and the size of the appellant's corporation justified the amount of the award. 934 F.2d at 1382–84. Therefore, this court finds the bankruptcy court's award of punitive damages reasonable and the first prong of *Haslip* is satisfied.

■ Under the second prong of *Haslip*, an assessment of the procedural safeguards need not be exhaustive; "[a]s long as there is some meaningful procedural assurance that the amount of the award is not an impulsive reaction to the wrongful conduct of the defendant, the award survives the procedural protection aspect of the due process analysis in *Haslip*." *Id.* at 1385. The *Eichenseer* court emphasized that a significant factor in this analysis is whether a case is tried before the court rather than a jury. *Id.* The present case was tried before the bankruptcy court. The Supreme Court in *Haslip* also identified a number of other factors to assess the procedural protections: the relationship between the punitive damages award and the harm that occurred; the reprehensibility of the defendant's conduct; the "financial position" of the defendant; and the costs of litigation. 499 U.S. at 21, 111 S.Ct. at 1045; *Eichenseer*, 934 F.2d at 1386.

In the present case, the bankruptcy court considered these *Haslip* factors. The bankruptcy court found the IRS had full knowledge of Lile's Chapter 11 bankruptcy but refused to adhere to the stay's requirements. *In re: Lile*, 103 B.R. 830, 841 (Bankr. S.D.Tex.1989). The bankruptcy court found the IRS' actions were in "reckless disregard" and "arrogant defiance" of the automatic stay. *Id.* The bankruptcy court considered the IRS' financial resources in determining the amount of punitive damages. *Id.* Finally, the bankruptcy court considered the costs of litigation in finding that the IRS' action "caused unnecessary expense to Lile's estate that could have been avoided if the IRS had first sought relief from the stay under 11 U.S.C. § 362(d)." *Id.* Therefore, this court finds that adequate procedural protections existed in this case.

### D. Attorney Fees Were Properly Awarded Against the IRS

■ The IRS contends that attorney fees should not have been awarded because (1) sovereign immunity bars such an award; (2) an attorney fee award is governed by 26 U.S.C. § 7430; and (3) the statutory and

case law requirements for an attorney fee award have not been satisfied. However, the IRS only argued two issues before the bankruptcy court: (1) whether an award of attorney fees is limited by 11 U.S.C. § 330; and (2) whether an award of attorney fees is governed by 26 U.S.C. § 7430. (Docket Entry No. 3, Ex. 2). The only issue properly before this court on appeal is the § 7430 issue. *See In the Matter of Novak,* 639 F.2d 1274, 1276 (5th Cir.1981) (courts ordinarily do not consider new issues on appeal); *Adams v. Askew,* 511 F.2d 700, 705 (5th Cir.1975).[2]

The Fifth Circuit has stated several reasons for disallowing the argument of new issues on appeal. "As a procedural matter, the trial court is vested with the duty of determining issues of fact. Fairness to the parties requires that each party be allowed the opportunity to present all evidence and arguments relevant to the issues to be determined in the trial forum." *City of Waco, Texas v. Bridges,* 710 F.2d 220, 227 (5th Cir.1983), *cert. denied,* 465 U.S. 1066, 104 S.Ct. 1414, 79 L.Ed.2d 741 (1984). In the present case, the IRS did not argue before the bankruptcy court that Lile did not satisfy all statutory and case law requirements for an attorney fee award. Lile has not had an opportunity to present all evidence and arguments regarding this matter in the trial forum. Furthermore, "the burden and practical effect of multiplicitous trial and appeal of issues requires that all issues be raised at the trial level." *Id; see United States v. Garcia–Pillado,* 898 F.2d 36, 39 (5th Cir. 1990). As the court stated in *Garcia–Pillado:* "[t]here is no reason whatever for the government to have failed to call this matter to the district court's attention while the district court still had the case under its jurisdiction or then to express its dissatisfaction with the sentence." *Id.*

Finally, "the facilitation accorded appellate review by a lower court's consideration of the legal issues and judicial resolution of the factual disputes commands that such a rule not be disregarded lightly." *Bridges,* 710 F.2d at 228. In the present case, appellate review would have been furthered by the bankruptcy court's opportunity to address the sovereign immunity and statutory and case law requirements for an attorney fees award.

The 26 U.S.C. § 7430 argument does not require reversal. The IRS has not cited, and this court is unaware, of any authority stating that an award of attorney fees under 11 U.S.C. § 362(h) is subject to 26 U.S.C. § 7430. The one case cited by the IRS, *In re: Hill,* 71 B.R. 517 (Bankr.D.Colo.1987), does not involve an award under § 362(h). The cases addressing this issue uniformly have held that 26 U.S.C. § 7430 does not preempt an award of attorney fees under 11 U.S.C. § 362(h). *In re: Price,* 143 B.R. 190, 193 (Bankr.N.D.Ill.1992); *Taborski v. United States,* 141 B.R. 959 (N.D.Ill.1992); *In re: Academy Answering Services, Inc.,* 90 B.R. 291, 293 (Bankr.N.D.Ohio 1988), *rev'd on other grounds,* 100 B.R. 327 (N.D.Ohio 1989). Therefore, this court finds the attorney fee award proper.

The decision of the bankruptcy court is **AFFIRMED.**

---

2. If the sovereign immunity issue was properly before this court under a "purely legal issue" exception, this court would find that sovereign immunity has been waived under § 106(a), *see supra.*

If the IRS can demonstrate that either the sovereign immunity or statutory and case law attorney fee requirements arguments were presented to the bankruptcy court, then this court will vacate this section of the opinion and consider the merits of the IRS' arguments.