1 F.3d 1246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re ENDRES AUTO BODY AND PAINT, Debtor.
John T. KENDALL, Trustee, Plaintiff-Appellee,
v.
EXECU-PAC, INC., Defendant-Appellant.
 No. 92-15307.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1993.
Decided July 28, 1993.
 
 Before CHOY, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Execu-Pac, Inc. ("EPI") appeals from a decision of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's entry of summary judgment in favor of the Chapter 7 trustee, John T. Kendall ("Trustee"). The undisputed facts are that EPI pursued its collection efforts against John Endres ("Endres") and his partnership, Endres Auto Body and Paint ("Debtor"), and then refused to turn over to the Trustee the money EPI obtained following its execution on the Debtor's bank account, despite having been put on notice that the Debtor had previously filed a petition in bankruptcy.
 
 
 3
 A creditor who willfully violates a bankruptcy stay is liable for the debtor's resultant damages, including costs and attorney's fees. 11 U.S.C. Sec. 362(h). The gist of EPI's argument is that, because it believed in good faith that it had a right to the property in question, it should not be subject to section 362(h). This contention not only fails to explain why EPI refused to turn the money over to the Trustee once EPI learned of the mistake, it also flies in the face of our repeated and emphatic rejections of this argument. See In re Pinkstaff, 974 F.2d 113, 115 (9th Cir.1992) ("Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded.") (quoting In re Bloom, 875 F.2d 224, 227 (9th Cir.1989)). Accord, In re Carroll, 903 F.2d 1266, 1272 (9th Cir.1990).
 
 
 4
 The decision appealed from is AFFIRMED. The Trustee's request for sanctions is DENIED.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. 36-3