**In re Goodwin SCULKY, Debtor.**

**Goodwin SCULKY, Plaintiff,**

**v.**

**INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 90–22408T.**
**Adv. No. 93–2081.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Feb. 16, 1995.

## ORDER

THOMAS M. TWARDOWSKI,
Bankruptcy Judge.

AND NOW, this 16th day of February, 1995, upon a trial of this matter on January 30, 1995, I hereby file this Order, including Findings of Fact and Conclusions of Law, in compliance with Bankruptcy Rule 7052:

### Findings of Fact

1. On September 24, 1990, debtor/plaintiff Goodwin Sculky ("plaintiff") filed a bankruptcy petition in this Court under Chapter 13 of the United States Bankruptcy Code.

2. The IRS, Philadelphia, PA office, received notice of the bankruptcy.

3. Plaintiff filed a Proof of Claim on behalf of the IRS. The IRS never filed a Proof of Claim.

4. Plaintiff resided in New York during his bankruptcy.

5. On November 30, 1992, the IRS Service Center in Holtsville, NY sent a "Notice of Intent to Levy" to plaintiff.

6. Plaintiff's counsel corresponded with the IRS Service Center in Holtsville, NY concerning the intent to levy and the fact that plaintiff had filed a bankruptcy petition.

1. At trial, plaintiff conceded that he was not

7. On January 9, 1993, the IRS Service Center in Holtsville, NY sent plaintiff's employer a Notice of Levy on Wages, Salary and Other Income.

8. As a result of the levy, the IRS received the sum of $63.50 a week, once a week, from February 8, 1993 until March 16, 1993.

9. Plaintiff telephoned the IRS Service Center, but was unable to have the levy released.

10. On or about March 1, 1993, plaintiff filed this adversary proceeding against the IRS, alleging that the IRS had violated the automatic stay when it levied on plaintiff's wages. Plaintiff sought an injunction enjoining the IRS from levying on plaintiff's wages, a return of the monies collected, compensatory damages not in excess of $500.00 representing loss of income and out-of-pocket expenditures, punitive damages of $25,000.00 and attorney's fees of $1000.00.

11. On March 11, 1993, the IRS released the levy.

12. The sum of $383.62 was refunded to plaintiff on April 8, 1993.

13. On April 5, 1994, the Court granted the United States' Motion for Summary Judgment and dismissed this case on the ground that the United States had not waived its sovereign immunity from suit.

14. Plaintiff appealed the dismissal, and while the appeal was pending, the Bankruptcy Code was amended permitting this action against the United States, but barring the claim for punitive damages.[1]

15. By letter dated October 28, 1994, counsel for the United States advised the District Court of the amendment to the Bankruptcy Code, which amendment waived the immunity of the United States.

16. On November 14, 1994, the District Court remanded this case for findings as to damages and attorney's fees.

17. At least a week prior to trial, the United States offered to pay plaintiff the sum of $1500.00, as requested in the complaint.

entitled to punitive damages.

The same offer was reiterated prior to trial on January 30, 1995.

18. Plaintiff's attorney has spent thirty (30) total hours on this matter, since filing the complaint.

### Conclusions of Law

1. The Court has jurisdiction pursuant to 11 U.S.C. § 106 and 28 U.S.C. § 157.

2. The subject matter of this proceeding renders such adjudication a "core" proceeding pursuant to 28 U.S.C. § 157(b).

■ 3. The Bankruptcy Code imposes an "automatic stay" upon the filing of a petition in bankruptcy, which prohibits, among other things, any act to obtain possession of estate property or to collect, assess, or recover a claim against a debtor that arose before the commencement of the debtor's bankruptcy case. 11 U.S.C. § 362(a).

4. An individual injured by any willful violation of the stay shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages. 11 U.S.C. § 362(h).

5. Plaintiff may not recover punitive damages against the United States. 11 U.S.C. § 106(a)(3).

6. Any order or judgment for costs or fees against the United States shall be consistent with the provisions and limitations of 28 U.S.C. § 2412(d)(2)(A). 11 U.S.C. § 106(a)(3).

■ 7. A willful violation of the stay occurs when a creditor has adequate notice of the bankruptcy and intentionally commits an act that violates the stay. *E.g. Davis v. IRS*, 136 B.R. 414, 423–424 (Bankr.E.D.Va.1992) (citing cases); *In re Long*, 142 B.R. 234, 234–238 (Bankr.S.D.Ohio 1992) (citing cases).

■ 8. The United States violated the automatic stay when it levied on plaintiff's wages.

■ 9. Damages may not be awarded based upon speculation, guess and conjec-ture. *E.g. Archer v. Macomb County Bank*, 853 F.2d 497 (6th Cir.1988).

10. Other than his claim for attorney's fees, plaintiff failed to show that he incurred any actual damages.

11. 28 U.S.C. § 2412, in conjunction with 11 U.S.C. § 106(a)(3), limits the amount of attorney's fees to the "prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $75.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

12. Attorney's fees in this case are awarded in conjunction with Finding of Fact No. 18 and are limited to $75.00 per hour.

13. The only actual damages plaintiff has shown are his attorney's fees in bringing this action, which are awarded as described in paragraph twelve (12) above.[2]

NOW THEREFORE, in accordance with the findings of fact and conclusions of law stated above, it is hereby

ORDERED that PLAINTIFF IS AWARDED the sum of $2250.00 in attorney's fees since the only actual damages plaintiff has shown are his attorney's fees in bringing this action, representing thirty (30) hours at the rate of $75.00 per hour, for a total award of $2,250.00.

IT IS FURTHER ORDERED that PLAINTIFF IS NOT ENTITLED to an AWARD OF PUNITIVE DAMAGES. 11 U.S.C. § 106(a)(3).

---

2. At trial, the Court "tabled" ruling on the admissibility of evidence (both testimonial and documentary) concerning alleged delays in receiving refund checks. However, plaintiff failed to show any actual damages as a result of these alleged delays. Although I now overrule the objection of the IRS and admit such evidence, I conclude that Plaintiff has still not met his burden of proof thereon.