In re REBEL COAL COMPANY, INC., Debtor.

Robert J. BROWN, Trustee, Plaintiff–Appellee,

v.

UNITED STATES of America, Defendant–Appellant.

No. 90–6125.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 1, 1991.

Decided Sept. 23, 1991.

Dean W. Bucalos (argued and briefed), Brown, Bucalos, Santana & Bratt, Lexington, Ky., for plaintiff-appellee.

Louis DeFalaise, U.S. Atty., David Middleton, Asst. U.S. Atty., Lexington, Ky., James B. Crawford, Office of the Sol., U.S. Dept. of Labor, Arlington, Va., Steve Frank (argued and briefed), William Kanter, U.S. Dept. of Justice, Civil Division, Appellate Staff, Washington, D.C., for United States.

Before KENNEDY and JONES, Circuit Judges, and HARVEY, Senior District Judge.*

KENNEDY, Circuit Judge.

This appeal requires us to determine whether the bankrupt estate's claim that the United States received a preference under 11 U.S.C. § 547(b) of the Bankruptcy Code is a compulsory counterclaim to the United States' claim for civil fines under the Mine Safety and Health Act, 30 U.S.C. § 801 *et seq.* The Bankruptcy Court and the District Court held that the estate's claim arose out of the same transaction or occurrence, and thus the United States waived its sovereign immunity under 11 U.S.C. § 106 of the Bankruptcy Code. For the reasons stated below, we REVERSE the District Court's decision and REMAND for consideration of sovereign immunity under section 106(c).

## I.

The United States obtained a judgment against Rebel Coal Company, Inc., the debtor, for $21,526. This amount represented a small part of the civil fines the government claimed the debtor owed for penalties imposed under the Mine Safety and Health Act, 30 U.S.C. § 801 *et seq.* Pursuant to the judgment, the government garnished $17,500 from Rebel Coal shortly before it declared bankruptcy on June 22, 1984. Several months after it filed bankruptcy, Rebel Coal sought to recover the garnished funds as a preferential transfer under section 547(b) of the Bankruptcy Code. The United States filed a proof of claim in the bankruptcy case in the amount of $314,712.58 for unpaid civil penalties. The claim filed by the government included the uncollected portion of the judgment on which the garnishment was based.

The Bankruptcy Court found that the garnishment constituted a voidable preference and that the United States had waived sovereign immunity under section 106(a). The District Court affirmed the Bankruptcy Court's decision. The United States now appeals that decision.

## II.

■ The doctrine of sovereign immunity provides that suits against the United States government are prohibited unless the government has agreed to be sued. Section 106 of the Bankruptcy Code establishes several circumstances where the government is deemed to have waived sovereign immunity in a bankruptcy case. Section 106(a) provides that a governmental unit waives sovereign immunity,

> with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claims arose.

11 U.S.C. § 106(a). The debtor in possession asserts the government waived its immunity under section 106(a) by filing a claim against the bankrupt estate. Section 106(a), is applicable only if the trustee's claim to void a preference is a compulsory counterclaim to the government's proof of claim filed against the bankrupt estate.[1] The definition of counterclaim contained in Federal Rules of Civil Procedure 13(a) has been adopted by this Court for use in section 106 bankruptcy disputes. *Ashbrook v. Block,* 917 F.2d 918, 923 (6th Cir.1990).

Rule 13(a) provides that a compulsory counterclaim exists when "it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." The courts determine whether

---

* The Honorable James Harvey, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. The trustee's adversary proceeding seeking to recover the garnished funds was filed on November 19, 1984. The government's amended proof of claim for unpaid civil penalties was not filed until August 26, 1985. The First Circuit, in *WJM, Inc. v. Massachusetts Dep't of Public Welfare,* 840 F.2d 996, 1004 (1st Cir.1988), has held that a waiver created by the filing of a claim may work retroactively. In this case, where the District Court did not consider the motion for summary judgment until after the filing of both claims, the fact that the government's claim was filed subsequent to the preference action does not automatically invalidate the appellee's assertions that immunity has been waived.

such a relationship exists by asking the following questions:

1) Is there a logical relationship between the two claims?

2) Are the issues of fact and law raised by the claim and counterclaim largely the same?

3) Would res judicata bar a subsequent suit on the counterclaim if the court were not to take jurisdiction?

4) Would substantially the same evidence support or refute both the claim and the counterclaim?

*Maddox v. Kentucky Fin. Co., Inc.*, 736 F.2d 380, 382 (6th Cir.1984).[2] The plaintiff has failed to show that the above questions can all be answered affirmatively.

Rebel Coal's claim requests that the court void a preferential payment of $17,500 made to the government. In order to justify such an action, the trustee must show that the transfer of funds was for the benefit of a creditor, on account of an antecedent debt, made while the debtor was insolvent, made within 90 days of the filing of the bankruptcy petition, and enables the creditor to received more than it would under a chapter 7 case. The government's claim, on the other hand, asserts that Rebel Coal owes the United States over $300,000 in unpaid civil penalties. Proof for such a claim would include proof of Mine Safety Act violations, records of penalties and assessments, history of past penalty payments, and any judgments.

Rebel Coal's preference claim and the government's claim for funds owed are not sufficiently related for the purposes of establishing a compulsory counterclaim. The government's claim is based on a number of assessments for civil violations. The uncollected portion of the judgment on which the funds subject to the preference action were collected could serve as a basis

for only a small portion of the government's claim.[3] Only this small uncollected amount of $4,026 which arises from the judgment could be considered as arising from the same transaction or occurrence. Even as to this amount, it is necessary to reason that the balance of that judgment was the subject matter of the garnishment and the garnishment gave rise to the asserted preference. The other penalties relate to different actions, violations and fines. However, even if the garnishment and the government's claim were based on the same judgment, the relationship between the claims would be insufficient. The claim to amounts due from a bankrupt estate for penalties under the Mine Safety Act and the claim to void preferential transfers do not involve similar issues and facts as required by the second *Maddox* factor.

In a somewhat similar case, *WJM, Inc. v. Massachusetts Dep't of Public Welfare*, 840 F.2d 996 (1st Cir.1988), the First Circuit reached a different outcome. In *WJM* the bankrupt estate filed an adversary proceeding to recover as a voidable preference funds which the government had set off shortly before the bankruptcy petition was filed. The government claimed that the set-off funds were owed it by reason of Medicaid overpayments. The government filed a proof of claim for the amount of the overpayments. The court found that the transaction from which both the claims arose was the same—"the course of dealings between the DPW and each home under the provider contracts." Unlike the situation in *WJM*, the relationship between the government and Rebel Coal, based on statutory violations and penalty assessments, cannot be described as a course of dealing.

This Circuit has also examined the relationship necessary to establish a compulso-

**2.** *Maddox* involved a suit by a borrower against a lender for a violation of the Truth in Lending Act. The lender filed a counterclaim for the underlying debt of the loan contract. The court held that the counterclaim was permissive rather than compulsory.

**3.** The documentation attached to the government's claim only indicated the assessments

made against Rebel Coal. No indication was made of any assessment reduced to judgment or of the amount of fines collected by garnishment. Thus, although the attorneys have stated that the claim included the uncollected portion of the judgment garnished, this information is not discernible from the claim.

ry counterclaim. In *Ashbrook*, 917 F.2d at 918, the government filed a claim for amounts due on farm loans. The debtors' counterclaimed for tort damages resulting from the failure of certain Farmers Home Administration (FmHA) officials to render credit and management counseling and the denial of emergency loans with respect to the farm which was the reason and security for the FmHA loans. The District Court held that the Ashbrook's claims were not compulsory counterclaims. We affirmed finding that the claims did not arise out of the same transaction—the making of the original loan. The fact that the duty to provide credit and management counseling arose from the FmHA loans was insufficient to satisfy the *Maddox* test. Similarly, the fact that a preference is a consequence of assessed penalties fails to establish the relationship necessary to waive immunity.

A review of the second *Maddox* factor reveals that different issues of fact and law would be raised in pleading Rebel Coal's and the government's claims. The plaintiff claims that since the facts supporting a judgment cannot be relitigated, the existence of the judgment and the receipt of a preference are "virtually identical issues." A review of the government's claim, however, reveals only evidence of mine safety violation assessments; no judgments are attached to the claim. The litigation of the preference claim looks only at the issue of preferential payment. Proof that a preferential transfer occurred does nothing to refute or affirm the government's demand for unpaid civil penalties.

Rebel Coal also argues that the fourth *Maddox* factor, that the same evidence support or refute both the claim and counterclaim, has been satisfied. Proof of validity and amount of the claim, as required for the satisfaction of the government's claim, establishes the existence of an antecedent debt and that the preference allows the government to receive more than it would under Chapter 7, both factors in proving a preference. This parallel evidence occurs only with regard to the judgment which served as a basis for the garnishment. However, even for that portion of the claim, the similarity in proof is insufficient to waive immunity since the factors discussed above are unsatisfied.

 In the Bankruptcy Court, the estate also asserted that sovereign immunity was waived under 11 U.S.C. § 106(c). Neither the Bankruptcy Court nor the District Court ruled on this issue. We remand the case for determination of the issue.

### III.

Accordingly, the decision of the District Court is REVERSED and this proceeding is REMANDED for a determination of whether sovereign immunity has been waived under 11 U.S.C. § 106(c).