**UNITED STATES of America, Defendant–Appellant,**

**v.**

**PULLMAN CONSTRUCTION INDUSTRIES, INC., Plaintiff–Appellee.**

**No. 92 C 5167.**

United States District Court, N.D. Illinois, E.D.

April 21, 1993.

**540**

Victoria S. Crosley, I.R.S., Chicago, IL, Charles J. Cannon, U.S. Dept. of Justice, Tax Div., Washington, DC, for U.S.

James Douglas Newbold, Ill. Atty. Gen.'s Office, Chicago, IL, for Ill. Dept. of Revenue.

Stephen Todd Bobo, Steven Bennett Towbin, David A. Newby, Towbin & Zazove, Ltd., Chicago, IL, for Pullman Const. Ind.

## MEMORANDUM OPINION AND ORDER

MAROVICH, District Judge.

Pullman Construction Industries, Inc. and its subsidiaries (collectively "Pullman") filed an adversary complaint to recover tax payments made to defendants, United States of America (the "United States") and the Illinois Department of Revenue. The United States moved to dismiss Count I of the complaint for lack of *in personam* jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). Bankruptcy Judge Schmetterer denied the motion on the grounds that the United States had waived sovereign immunity. 142 B.R. 280. The United States has appealed.

## BACKGROUND

Pullman, the debtor-in-possession, filed a petition in Bankruptcy under Chapter 11 of the Bankruptcy Code (the "Code") on May 27, 1987. No trustee has been appointed and the debtor has continued to manage its affairs since the date of the petition. The United States has filed thirteen proofs of claims in Pullman's bankruptcy case seeking both pre-petition and post-petition tax liabilities for unpaid withholding and FICA taxes and Federal Unemployment Compensation taxes.

On January 7, 1992 Pullman filed the above-captioned adversary proceeding against the Internal Revenue Service ("IRS") and the Illinois Department of Revenue seeking to have certain pre-petition tax payments to each of the taxing authorities voided as preferential transfers pursuant to § 547(b) of the Code. Pullman, a heating, air-conditioning and ventilation contractor, alleges that it was required to withhold the federal income and FICA taxes of its employees who were paid on a weekly basis. As a result of financial difficulties in 1986 and 1987, Pullman alleges that it was unable to pay over the withheld taxes to the IRS when they became due. However, Pullman allegedly made eight pre-petition payments to the IRS within the ninety-day preference period preceding the filing of its bankruptcy petition.

Pullman further alleges that approximately $500,000 of the total amount paid to the United States during the pre-petition period represented non-trust fund payments. According to Pullman, this portion enabled the United States, as an unsecured creditor, to receive more than it would have

received if the United States had received payment of its debt from Pullman to the extent provided under Chapter 7 of the Code. Pullman seeks to recover the nontrust fund portion of the payments made to the United States during the pre-petition period pursuant to 11 U.S.C. § 547(b).

The United States moved to dismiss Pullman's complaint pursuant to Fed.R.Civ.P. 12(b)(2), arguing that the United States' sovereign immunity prevented the Bankruptcy Court from exercising jurisdiction over it. As already stated, the Bankruptcy Court denied the motion to dismiss on grounds that the United States had waived immunity under § 106(a) of the Code.

## DISCUSSION

■ The United States enjoys sovereign immunity from suit unless it expressly waives such immunity and consents to be sued. To be effective, a waiver of the United States' sovereign immunity must be "unequivocally expressed." *See United States v. Nordic Village, Inc.,* — U.S. ——, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992). The Supreme Court has held that § 106 of the Bankruptcy Code contains such an unequivocal waiver of the government's sovereign immunity with regard to compulsory counterclaims to the government's claims.

Section 106(a) provides:
(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

Since all parties agree that Pullman's claim is a claim that is property of the estate for purposes of § 106(a), the only issue for this court to decide on appeal is whether Pullman's preference claim "arises out of the same transaction or occurrence" as the United States' claims for pre-petition taxes.

■ It is the United States' position that a preference action pursuant to § 547(b) is not a compulsory counterclaim within the

meaning of the Internal Revenue Code for pre-petition and post-position tax liabilities of the debtor. We disagree and affirm the Bankruptcy Court's order denying the United States' motion to dismiss.

■ The definition of compulsory counterclaim contained in Rule 13(a) of the Federal Rules of Civil Procedure has been adopted by the courts for use in § 106(a) bankruptcy disputes. *See WJM, Inc. v. Massachusetts Dept. of Public Welfare,* 840 F.2d 996 (1st Cir.1988); *In re 995 Fifth Avenue Assoc. L.P. v. New York State Dept. of Taxation and Finance,* 963 F.2d 503 (2d Cir.1992); *In re University Medical Center,* 973 F.2d 1065 (3d Cir.1992); *In re Pinkstaff,* 974 F.2d 113 (9th Cir.1992).[1]

■ Rule 13(a) provides:
A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Thus, in order for a claim to be compulsory it must "(1) exist at the time of the pleading, (2) arise out of the same transaction or occurrence as the opposing party's claim, and (3) not require for adjudication parties over whom the court may not acquire jurisdiction." *Burlington N.R. Co. v. Strong,* 907 F.2d 707, 710–11 (7th Cir.1990). Further, a compulsory counterclaim is a claim that must be filed to preserve the defendant's rights. *Olympia Hotels Corp. v. Johnson Wax Development Corp.,* 908 F.2d 1363, 1367 (7th Cir.1990) (citing *Baker v. Gold Seal Liquors, Inc.,* 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 2506 n. 1, 41 L.Ed.2d 243 (1979)). The only issue in dispute in this case is whether the claims arose out of the same "transaction."

■ The Seventh Circuit has developed a "logical relationship" test to determine whether two suits arise out of the same transaction or occurrence for pur-

---

**1.** We disagree with the United States' position that Fed.R.Civ.P. 13(d) requires a court to employ a heightened scrutiny with respect to the analysis of compulsory counterclaims upon which a waiver of sovereign immunity is advanced.

poses of Rule 13(a). Generally, the words "transaction or occurrence" have been interpreted liberally in order to further the general policies of the Federal Rules of Civil Procedure. *See Warshawsky & Co. v. Arcata Nat'l Corp.*, 552 F.2d 1257, 1261 (7th Cir.1977). Indeed, because of its "flexible meaning, 'transaction' may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship...." When determining whether suits are logically related, courts consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved and the respective factual background. *Burlington Northern*, 907 F.2d at 711–12. Contrary to the United States' assertions, there does not have to be a complete "identity of issues" between the two claims in order for those claims to have arisen out of the same transaction for purposes of Rule 13(a). All that is required is that the claims arise out of the same series or course of interrelated dealings. *See Asset Allocation & Management Co. v. Western Employes Ins. Co.*, 892 F.2d 566, 573 (7th Cir.1989).

Applying the "logical relationship" test to the facts of this case we conclude that the counterclaim at issue is compulsory and not permissive. The United States seeks payment of the amount of taxes that Pullman has failed to pay the IRS. Pullman seeks to recoup payments already made to the IRS on account of its tax arrearage, claiming that the payments enabled the United States to receive more than it would have received in a distribution under Chapter 7 of the Bankruptcy Code. *See* 11 U.S.C. § 547(b)(5). Thus, both claims arise from Pullman's failure to make timely payments of withheld taxes, withheld FICA taxes and unemployment taxes. Further, since one of the elements of Pullman's preference claim under § 547(b) is that it owed a debt to the United States for unpaid taxes, many of the factual and legal issues overlap. Consequently, by filing its proofs of claims, the United States is deemed to have waived its sovereign immunity with respect to Pullman's preference claim.

The cases that have applied the logical relationship test to facts virtually identical to the instant appeal have also reached the conclusion that preference claims which arise out of tax collections are logically related to claims filed to assert liabilities for those same taxes. In *In re Malmart Management Co.*, 109 B.R. 1, 3 (Bankr. D.Mass.1989), the court addressed the issue of whether the debtor's claim to void tax payments as a preference under § 547(b) arose out of the same transaction as the United States' claim for the remaining unpaid taxes. Applying the same logical relationship test as the Seventh Circuit, the court concluded that the United States had waived its sovereign immunity from a preference action for pre-petition payment of past-due taxes where the United States had filed a proof of claim for those taxes. *In accord In re Maytag Sales & Service, Inc.*, 23 B.R. 384 (Bankr.N.D.Ga.1982) (applying logical relationship test, court concluded that County's proof of claim on judgment for unpaid taxes and debtor's preference claim for recoupment of garnished funds arose from same transaction).

In a related context, many courts have concluded that the IRS, by filing claims for unpaid taxes, waived its sovereign immunity when sued under 11 U.S.C. § 362(h) for damages arising out of its efforts to collect taxes for violation of the automatic stay. *See In re Pinkstaff*, 974 F.2d 113 (9th Cir.1992); *Taborski v. United States*, 141 B.R. 959 (N.D.Ill.1992); *In re Solis*, 137 B.R. 121 (Bankr.S.D.N.Y.1992). In reaching the conclusion that the claims arose out of the same transaction, these courts all applied the logical relationship test. In *In re Pinkstaff*, for instance, the Ninth Circuit, adopting its reasoning from a factually identical case, stated:

> In this case, the IRS's claim against the debtor arises from the debtor's failure to pay taxes owed. The debtor's claim arises pursuant to the attempt by the IRS to collect these taxes owed by the debtor. The basis of both cases revolve around the aggregate core of facts regarding the debtor's unpaid taxes. Therefore, we find that under these circumstances the essential facts relating to the tax claim itself are logically related to the government's collection activities.

As a result, the United States sovereign immunity is waived under § 196(a).

974 F.2d at 115 (*quoting In re Bulson*, 117 B.R. 537, 541 (9th Cir.BAP 1990), *aff'd by memorandum*, 974 F.2d 1341 [(table)] (9th Cir.1992)). Although *In re Pinkstaff* deals with post-petition tax collection, the court's reasoning applies with equal force to claims arising out of pre-petition tax collection.

Finally, the courts that have addressed the issue of waiver under § 106(a) in non-tax related bankruptcy claims have similarly concluded that the government's pre-petition or post-petition action gives rise to compulsory counterclaims even though the factual and legal issues presented in the government's proof of claim and the debtor's claim are not identical. *See In re 995 Fifth Avenue Assoc., L.P.*, 963 F.2d at 503; *WJM, Inc.*, 840 F.2d at 996; *In re McLean Industries, Inc.*, 132 B.R. 247 (Bankr. S.D.N.Y.1991); *In re Klingberg Schools*, 68 B.R. 173 (N.D.Ill.1986), *aff'd*, 837 F.2d 763 (7th Cir.1988).

The Sixth Circuit is the only circuit to reach a contrary conclusion. In *In re Rebel Coal Co.*, 944 F.2d 320 (6th Cir.1991), the United States received a judgment against the plaintiff for civil fines imposed under the Mine Safety Act, 30 U.S.C. § 801 and garnished funds to satisfy the judgment during the preference period. In Bankruptcy, the United States filed a claim for the unpaid fines and the debtor filed a preference claim to recover the garnished funds under § 547(b) of the Code. The court dismissed the preference claim on the grounds that the preference claim and the government's proof of claim for the balance of fines owed were not sufficiently related for purposes of establishing a compulsory counterclaim. More specifically, the court concluded that the government's claim for unpaid penalties under the Act and the debtor's claim to void the preferen-

tial transfer did not involve substantially similar issues of fact and law. Consequently, the court held the United States had not waived its sovereign immunity.

We decline to follow the court's reasoning in *Rebel Coal*. The Sixth Circuit's application of Rule 13(a) is unduly restrictive and contrary to Seventh Circuit precedent.[2] The Seventh Circuit has repeatedly stated that the term "transaction" is to be liberally construed. This is a flexible standard that does not require a perfect identity of issues between the two claims.

After reviewing the relevant case law, we conclude that Pullman's preference claim is a compulsory counterclaim to the United States' proof of claim for unpaid taxes. Since both claims arise out of Pullman's failure to timely pay its taxes, many of the issues of fact and the elements of proof are common to both claims. Consequently, we conclude that the United States waived its sovereign immunity with regards to Pullman's preference claim when it filed its proof of claim in the underlying bankruptcy action.

## CONCLUSION

For the reasons stated above, the Bankruptcy Court's order denying the United States' motion to dismiss is affirmed. The United States has waived sovereign immunity under § 106(a) of the Code.

---

**2.** The *Rebel Coal* court used a four question test first enunciated in *Maddox v. Kentucky Finance Co.*, 736 F.2d 380, 382 (6th Cir.1984):

1) Is there a logical relationship between the two claims?

2) Are the issues of fact and law raised by the claim and counterclaim largely the same?

3) Would *res judicata* bar a subsequent suit on the counterclaim if the court were not to take jurisdiction?

4) Would substantially the same evidence support or refute both the claim and the counterclaim?

944 F.2d at 322.