**In re PACE ENTERPRISES OF COLUMBIA, INC., Debtor.**

**William WHITE, Trustee, Commerce Funding Corporation, and Misso Services Corporation, Plaintiffs,**

**v.**

**Donna SHALALA, Secretary of United States Department of Health and Human Services, the United States Small Business Administration, and United States of America, on behalf of the Internal Revenue Service, Defendants.**

Bankruptcy No. 92–00984.
Adv. No. A93–0380.

United States Bankruptcy Court,
District of Columbia.

July 6, 1994.

Janet L. Eveland, for plaintiff Commerce Lending.

Stephen Nichols, for plaintiff Misso Services.

Claire Whitaker, for Dept. of Health & Human Services.

*MEMORANDUM DECISION*

S. MARTIN TEEL, Jr., Bankruptcy Judge.

On May 6, 1994, this court entered a decision and order granting the defendant's motion to dismiss, having found that sovereign immunity had not been waived pursuant to 11 U.S.C. § 106. *White v. Department of Health and Human Services,* 1994 WL 449442 (Bankr.D.D.C.1994). The plaintiffs have filed a timely Motion for Additional Findings and To Alter or Amend the Judgment pursuant to Fed.R.Bankr.P. 9023 and Fed.R.Civ.P. 59. For the reasons below, the court will amend its findings to reflect that the IRS has filed a proof of claim but will not alter or amend its original judgment.

Sovereign immunity is waived pursuant to § 106(a) only if: (1) the estate has a claim against a governmental unit and the governmental unit has a claim against the estate; (2) the claim against the governmental unit is property of the estate; and (3) the claims arise out of the same transaction or occurrence. *See* 11 U.S.C. § 106(a)[1]; *In re Graham,* 981 F.2d 1135, 1141 (10th Cir.1992); *In re Four Seasons Care Centers, Inc.,* 119

---

1. 11 U.S.C. § 106(a) provides:
A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is proper-

ty of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

B.R. 681, 684 (Bankr.D.Minn.1990). This court found that sovereign immunity was not waived pursuant to section 106(a) because HHS had neither filed a proof of claim nor taken actions that would constitute an informal claim. At that time, the parties did not raise the issue of whether the filing of a proof of claim by one agency of the United States constitutes a waiver as to all United States agencies. Thus, this court did not consider the effect of the IRS having filed a proof of claim. Plaintiffs now request the court to amend its findings to reflect that the IRS has filed a proof of claim in this case and, that as a result, the United States has waived its sovereign immunity pursuant to section 106(a). In response, the defendants contend that notwithstanding the filing of the IRS claim, sovereign immunity has not been waived pursuant to section 106(a) because all the requirements of that section have not been satisfied.

Assuming, *arguendo*, that the IRS's filing of a proof of claim can waive sovereign immunity as to all United States agencies, sovereign immunity has not been waived in this case because the debtor's claim against HHS did not arise out of the same transaction or occurrence upon which the IRS's claim is based. *See Four Seasons Care Centers,* 119 B.R. at 684 (Department of Revenue's filing of claim waived immunity for itself and "arguably for other state agencies" only regarding claims compulsory in nature to the filed claim).[2]

■ When determining whether this element of section 106(a) has been satisfied, the courts apply the same standard that governs the determination of whether a counterclaim "arises out of the same transaction or occurrence" under Fed.R.Civ.P. 13(a) such that the counterclaim is deemed compulsory. *See WJM, Inc. v. Massachusetts Dept. of Public Welfare,* 840 F.2d 996, 1005 (1st Cir.1988);

*In re 995 Fifth Avenue Assoc.,* 963 F.2d 503 (2d Cir.1992); *In re University Medical Center,* 973 F.2d 1065 (3d Cir.1992); *United States v. Pullman Const. Industries, Inc.,* 153 B.R. 539, 541 (N.D.Ill.1993); *Four Seasons Care Centers,* 119 B.R. at 684. *See also* S.Rep. No. 95–989, 95th Cong., 2d Sess. 29 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5815 ("The governmental unit cannot receive a distribution from the estate without subjecting itself to liability it has to the estate within the confines of the compulsory counterclaim rule.")

■ Under Fed.R.Civ.P. 13(a), and thus under § 106(a), the critical inquiry is whether there exists a "logical relationship" between the claim and counterclaim. *See, e.g., In re Pinkstaff,* 974 F.2d 113, 115 (9th Cir. 1992); *Montgomery Ward Dev. Corp. v. Juster,* 932 F.2d 1378, 1381 (11th Cir.1991); *Savarese v. Agriss,* 883 F.2d 1194, 1208 (3d Cir.1989). Generally, a logical relationship exists where the claims are based upon the same operative facts and the resolution of both claims would involve similar issues and evidence. *See In re Rebel Coal,* 944 F.2d 320, 321–22 (6th Cir.1991); *Pochiro v. Prudential Ins. Co.,* 827 F.2d 1246, 1249 (9th Cir.1987); *Law Offices of Jerris Leonard v. Mideast Systems, Ltd.,* 111 F.R.D. 359, 360 (D.D.C.1986). The court should consider the nature of the claims, including the legal basis for recovery and their respective factual backgrounds. *In re Price,* 130 B.R. 259, 270 (N.D.Ill.1991) (quoting *Burlington Northern R. Co. v. Strong,* 907 F.2d 707, 711–12 (7th Cir.1990)). In addition, the "logical relationship" standard should be applied in a manner that effectuates the purpose of Rule 13(a), which is to resolve all claims dependent upon a common factual background in a single proceeding. *Timberland Co. v. Sanchez,* 129 F.R.D. 382, 384 (D.D.C.1990) ("purpose of rule is 'to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all

---

2. Several courts have found that the sovereign immunity of a State or City (and all its agencies) is waived when one of its agencies files a proof of claim. *See In re Cook,* 117 B.R. 301 (Bankr. N.D.Ohio 1990) (city department of public utilities filing proof of claim waived sovereign immunity of the city, which included the city's taxation department); *In re PM–II Assoc. Inc.,* 100 B.R. 940 (Bankr.S.D.Ohio 1989) (state's sovereign im-

munity waived upon filing of claim by attorney general); *In re St. Joseph's Hospital,* 103 B.R. 643, 651 (Bankr.E.D.Pa.1989) (proof of claim filed by one agency of state government waives sovereign immunity as to other state agencies). Because the court finds that the debtor's and IRS's claims do not arise out of the same transaction and occurrence, it need not decide this issue.

disputes arising out of common matters' ") (quoting *Columbia Plaza Corp. v. Security Nat'l Bank*, 525 F.2d 620, 625 (D.C.Cir. 1975)).

■ Applying this standard to the claims in this case, the court concludes that there is no logical relationship between the IRS's claim for unpaid taxes and the debtor's contract claims against HHS/CDC. The IRS filed a proof of claim on August 9, 1993, in the amount of $72,000 for unpaid FUTA and FICA taxes. This claim is based on provisions of the Internal Revenue Code providing for collection of withholding taxes from employers. In comparison, the debtor's claim for payment is based upon services it provided to CDC pursuant to government contracts entered into with that agency. In addition to being based on different transactions—the IRS's on the debtor's employment of workers and the debtor's on the contractual services it provided to CDC—resolution of these two claims will not involve common factual issues or similar evidence. The facts and evidence needed to determine whether the FICA and FUTA taxes are owed to the IRS have no relation to the debtor's claim against HHS for the payment of unpaid invoices. *See WJM,* 840 F.2d at 1003–04 (debtor's nursing home claim against Department of Public Welfare arising from contractual dealings with that Department did not arise out of the same transaction or occurrence out of which the Department of Revenue's back tax claim arose).

This is not the case where the debtor's claim against the IRS and the IRS's claim are both based upon unpaid taxes. *See, e.g., In re Fernandez,* 132 B.R. 775, 780 (M.D.Fla. 1991) (debtor's claim against IRS for attorneys' fees awarded when IRS violated automatic stay attempting to collect taxes postpetition is logically related to IRS's claim for unpaid taxes owed by debtor); *United States v. Pullman Const. Industries, Inc.,* 153 B.R. 539 (N.D.Ill.1993) (debtor's preference claim

against United States for prepetition tax payments was compulsory counterclaim to United States claim for unpaid taxes); *In re Adams,* 152 B.R. 1021 (Bankr.M.D.Ga.1993) (debtor's claim for turnover of funds garnished by IRS postpetition was compulsory counterclaim to IRS's claim for unpaid taxes).

In *In re Cook United, Inc.,* 117 B.R. 301 (Bankr.N.D.Ohio 1990), the court held that the claim filed by the city's utility department emanated from the same occurrence, the filing of the bankruptcy petition, as the estate's preference claim against the city's taxation department such that sovereign immunity was waived pursuant to section 106(a). This court respectfully disagrees with this ruling. Although the terms "transaction" and "occurrence" are to be broadly construed, *see, Timberland,* 129 F.R.D. at 384, interpreting the term "occurrence" to encompass the filing of a bankruptcy petition would result in the government having waived sovereign immunity (in cases where it has filed a claim) as to *any* claim asserted by the debtor because both claims could be said to arise from the same occurrence—the bankruptcy filing. Such a broad reading ignores the legislative history evincing Congress' intent to limit the waiver of sovereign immunity pursuant to section 106(a) to compulsory counterclaims as defined in the Federal Rules of Civil Procedure and fails to heed the Supreme Court's admonition that waivers of sovereign immunity are to be construed narrowly in favor of the sovereign. *United States v. Nordic Village Inc.,* —— U.S. ——, ——, 112 S.Ct. 1011, 1014–15, 117 L.Ed.2d 181 (1992).

Accordingly, the court finds that the debtor's claim does not arise out of the same transaction or occurrence upon which the IRS's claim is based and, therefore, sovereign immunity has not been waived pursuant to section 106(a).[3]

3. The parties have not raised the issue of waiver of sovereign immunity pursuant to section 106(b) and, therefore, that issue is not before the court. Presumably the plaintiffs did not rely upon this section because section 106(b) does not afford the remedy they were seeking—affirmative monetary recovery. *In re McPeck,* 910 F.2d 509, 512

(8th Cir.1990). The remedy afforded by section 106(b), offset to the extent of the IRS's claim, would be unsatisfactory in this case because the debtor's claim in the amount of $657,581.15 greatly exceeds the IRS's claim of $72,000. In any event, even if the parties had relied upon this section, the court would be inclined to abstain

Finally, plaintiffs urge the court to reconsider its determination that HHS has not asserted a claim in this proceeding. None of the evidence relied upon by the plaintiffs in support of the instant motion alters this court's prior conclusion that HHS has not asserted a claim, that is, a right to payment, against the estate. *See White,* slip. op. at 5–7.[4] Accordingly, the court will not amend its previous ruling on this issue.

pursuant to § 1334(c)(1) given its finding that section 106(a) and (c) do not waive immunity in this case. Abstention in favor of the Claims Court would enable the plaintiffs to seek a complete remedy in one forum, thus avoiding the necessity of duplicative litigation. Once that court has ruled, this court could then use that ruling in fixing the amount of any setoff under section 106(b).

4. This case is distinguishable from *In re Western States Drywall, Inc.,* 145 B.R. 661 (Bankr.D.Idaho 1992), in which the court found that the United States asserted a claim and thus waived sovereign immunity when it withheld funds due under a contract on behalf of unpaid employees of the debtor. In this case, HHS is claiming that the debtor is not entitled to payment pursuant to the contract due to a material breach with respect to obligations owed to HHS. Thus, HHS is asserting a right to withhold the funds on its own behalf, rather than solely on behalf of unpaid third parties. *See* Defendant's Mot. to Dismiss, Or, In the Alternative, for Summary Judgment at 15–17. Thus, this court does not reach the issue *Western States* raises or whether *Western States* is further distinguishable when the government unit withholds as a disinterested stakeholder.