RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 12a0325p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

In re: ANDREA LYNNE HARCHAR,

　　　　　　　　　　　　　　*Debtor*.

_____

ANDREA LYNNE HARCHAR, aka Andrea
Peticca,

　　　　　　　　　*Appellant/Cross-Appellee*,

　　　　*v.*

UNITED STATES OF AMERICA,

　　　　　　　　　*Appellee/Cross-Appellant*.

Nos. 10-4201/4419/4420

Appeal from the United States District Court
for the Northern Districts of Ohio at Cleveland and at Toledo.
Nos. 1:06-cv-2927; 3:09-cv-436—Jack Zouhary, District Judge.

Argued: June 6, 2012

Decided and Filed:  September 12, 2012

Before:  BATCHELDER, Chief Judge; GRIFFIN, Circuit Judge; COHN, District
Judge.[*]

_____

## COUNSEL

**ARGUED:** Thomas C. Loepp, MAISTROS & LOEPP LTD., Stow, Ohio, for
Appellant/Cross-Appellee.  Ivan C. Dale, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Appellee/Cross-Appellant.  **ON BRIEF:** Thomas C.
Loepp, MAISTROS & LOEPP LTD., Stow, Ohio, Susan M. Gray, Rocky River, Ohio,
for Appellant/Cross-Appellee.  Ivan C. Dale, Bruce R. Ellisen, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee/Cross-Appellant.

---

[*]The Honorable Avern Cohn, Senior United States District Judge for the Eastern District of
Michigan, sitting by designation.

———————————

**OPINION**

———————————

GRIFFIN, Circuit Judge.  Andrea Harchar appeals the district court's order of August 18, 2010, which affirmed the bankruptcy court's grant of summary judgment in favor of the United States on her claim that the IRS violated the automatic stay issued pursuant to the Harchars' Chapter 13 bankruptcy, as well as the bankruptcy court's dismissal of her claims that the United States violated the bankruptcy plan and her rights under the Fifth Amendment's due process clause.  *See Harchar v. United States*, 435 B.R. 480 (N.D. Ohio 2010).  Harchar also appeals the district court's order of September 27, 2005, which reversed the bankruptcy court's decision allowing her to amend her complaint to add a claim for emotional distress damages based on the government's alleged violations of the automatic stay.  *United States v. Harchar*, 331 B.R. 720 (N.D. Ohio 2005).  The government filed a cross-appeal of the district court's order of June 6, 2007, *see United States v. Harchar*, 371 B.R. 254 (N.D. Ohio 2007), with the stated purpose of preserving certain legal arguments regarding Harchar's stay-violation claims, but has since moved to dismiss that appeal.  For the reasons set forth below, we affirm the judgment of the district court and grant the government's motion to dismiss.

I.

On May 1, 1998, appellant Andrea Harchar and her then-husband Kenneth Harchar filed a petition for relief under Chapter 13 of the United States Bankruptcy Code.  Appellee United States of America was a creditor in the case because of a pre-petition tax arrearage owed by the Harchars.  In August 1998, the plan of reorganization proposed by the Harchars was confirmed by the bankruptcy court.  The plan required that the Harchars pay in full priority tax claims held by the government and to pay 5 cents on the dollar over 43 months for unsecured, nonpriority claims held by the government and similarly-situated creditors.

On June 12, 2000, the Harchars filed (and, on August 10, 2000, eventually served) an adversary proceeding against the government, alleging injury caused by the government's practice of "freezing" computer-automated refunding of tax overpayments to Chapter 13 debtors and the government's refusal to issue a refund for their 1999 return until after the bankruptcy court resolved its April 27, 2000, motion to modify the Chapter 13 plan to include the refund in plan funding. Harchar also opposed the government's motion to modify in the bankruptcy court, explaining that since the confirmation of the plan, she had separated from her husband, her husband was no longer employed, and the 1999 refund claim was now needed for essential living expenses. At a hearing on June 13, 2000, the bankruptcy court directed the Harchars to file amended schedules to support their contentions. When they did so, the IRS withdrew its motion and issued the refund with interest.

The Harchars were granted leave to amend their complaint multiple times. In their third and final amended complaint,[1] they alleged that the IRS's freeze of automatic processing and delayed payment of the refund constituted a willful violation of the automatic stay under section 362(a)(3) and (6) of the Bankruptcy Code, entitling them to actual damages under section 362(h).[2] They also alleged violations of due process, section 525(a) of the Bankruptcy Code, and the plan confirmation order, and sought injunctive and declaratory relief on behalf of all Chapter 13 debtors to prevent the IRS from "freezing" the automatic processing of refunds.

The Harchars also sought leave to amend their complaint to seek damages for emotional distress as a result of the government's alleged violation of the automatic stay. The bankruptcy court granted their motion, but the district court reversed on appeal. *United States v. Harchar*, 331 B.R. 720 (N.D. Ohio 2005). It held that because "actual damages" in section 362(h) did not include damages for emotional distress, the government had not waived its sovereign immunity as to damages for emotional distress.

---

[1]The Harchars also later amended their complaint to add claims concerning their year 2000 tax refund, but those claims were voluntarily dismissed and are not at issue in this appeal.

[2]The amendments to the Bankruptcy Code in 2005 renumbered Section 362 to 362(k)(1). We use the pre-amendment numbering to be consistent with the other opinions filed in this case.

*Id.* at 725–33.  The district court therefore denied the Harchars' motion for leave to amend as futile.  *Id.* at 733.

The government moved to dismiss the Harchars' complaint under Federal Civil Rule 12(b)(1) and (6), arguing that the Harchars' claims failed as a matter of law.  The bankruptcy court granted the government's motion as to the alleged violations of due process, section 525, and the bankruptcy plan, as well as the Harchars' associated requests for declaratory and injunctive relief, but denied the government's motion as to the alleged violation of the automatic stay.  *In re Harchar*, No. 98-13277, 2006 WL 3196846 (Bankr. N.D. Ohio Oct. 4, 2006).  The government was given leave to appeal the partial denial of its motion to dismiss.  The district court affirmed.  *United States v. Harchar*, 371 B.R. 254 (N.D. Ohio 2007).

Thereafter, the parties filed cross-motions for summary judgment on the Harchars' stay-violation claims.  The bankruptcy court granted the government's motion for summary judgment and denied the Harchars' motion.  *Harchar v. United States (In re Harchar)*, 393 B.R. 160 (Bankr. N.D. Ohio 2008).  It concluded that the IRS had not violated the automatic stay by manually processing the Harchars' tax refund or by withholding the refund while the government petitioned the bankruptcy court for modification of the confirmed Chapter 13 plan.  *Id.* at 176, 183.  The court eventually dismissed Kenneth Harchar's claims for failure to prosecute.  Andrea appealed.

The district court affirmed in all respects.  Adopting the bankruptcy court's analysis, it held that the government was entitled to summary judgment on Harchar's stay-violation claims.  The district court further held that Harchar's due-process claim was barred by sovereign immunity and was, in any event, without merit because she had the right to a refund suit under 26 U.S.C. § 7422.  And it found that Harchar's plan-violation claim failed because she did not identify any provision of the plan that had been violated.  The parties timely appeal the district court's judgment.

II.

Harchar challenges the dismissal of her plan-violation and due process claims, the grant of summary judgment to the IRS on her stay-violation claim, and the denial of her motion to amend the complaint to add a claim for emotional distress damages for violation of the automatic stay.[3]  The government cross-appealed an earlier order of the district court in order to preserve its argument that the refund was not property of the estate, but now seeks to have its cross-appeal dismissed.  We address each of the issues in turn.

A.  Plan Violation

Harchar first contends that the district court erroneously affirmed the bankruptcy court's Rule 12(b)(6) dismissal of her claim that the IRS violated the terms of the debtors' confirmed bankruptcy plan on the basis that she failed to identify any provision of the plan that was violated by the government.  We review the dismissal of this claim de novo.  *Hughes v. Sanders*, 469 F.3d 475, 477 (6th Cir. 2006).  In order to survive a Rule 12(b)(6) motion to dismiss, a complaint need contain "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Bankruptcy Rule 7012(b).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  We may affirm the district court's dismissal of a plaintiff's claim on any preserved ground, including a ground not relied upon by the district court.  *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

Section 1327 of the Bankruptcy Code states that "[t]he provisions of a confirmed plan bind the debtor and each creditor" and that "[e]xcept as otherwise provided in the

---

[3]Harchar mentions her claim for violation of section 525 and her requests for declaratory and injunctive relief in the summary of the argument section in her initial brief on appeal, but does not make any argument regarding those issues in that brief or in her responsive brief.  The issues are therefore forfeited.  *See McPherson v. Kelsey*, 125 F .3d 989, 995–96 (6th Cir. 1997) (explaining that "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (citation and internal quotation marks omitted).

plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C. § 1327.  The confirmed plan in this case provides that "[c]reditors holding unsecured claims shall be paid 5% of the amount owing on a pro-rata basis"; and the plan confirmation order likewise indicates that the IRS will be paid in regular monthly payments over the life of the plan.  Contrary to Harchar's contention, nothing in these provisions prohibits the IRS from manually processing her refund.  This is not a case where the IRS sought to unilaterally vary the plan's payment terms; it is a case where the IRS halted automatic payment of the refund to consider its rights and responsibilities with regard to the Harchars' bankruptcy, and then filed a motion for relief in the bankruptcy court, as it was expressly permitted to do.  11 U.S.C. § 1329 ("At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to--(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan[.]").  Harchar has not stated a viable plan-violation claim.[4]

Even if Harchar had sufficiently alleged a violation of the plan, however, the district court correctly dismissed her claim for damages because 11 U.S.C. § 1327—the statutory provision declaring that confirmation plans are "binding"—does not contain an express cause of action for damages.[5]  It states that: "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan" and that "[e]xcept as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor."  *Id.* at (a)-(b).  *See generally Myles v. Wells Fargo Bank (In re Myles)*, 395 B.R. 599, 609 (Bankr. M.D. La. 2008) (observing that the provision does not

---

[4] Harchar's citation of *United States v. Holden*, 258 B.R. 323 (D.Vt. 2000) does not convince us otherwise.  Although the district court in that case did conclude that the IRS's "imposition of a V-freeze constituted contempt of the [debtors'] Chapter 13 Plan Confirmation Order," *id.* at 325, the court did not discuss the provisions of the plan, explain how the V-Freeze violated any aspect of the confirmation order, or order relief on the basis of that finding.

[5] Harchar does not claim that § 1327 contains an implied cause of action for damages, so we need not undertake that inquiry.

provide a private right of action); *Sims, et al. v. Capital One Fin. Corp. (In re Sims)*, 278 B.R. 457, 473 (Bankr. E.D. Tenn. 2002) ("To the extent that the plaintiffs are asserting a direct cause of action . . . for Capital One's alleged violation of § 1327, the amended complaint fails to state a claim upon which relief can be granted.").

Absent a private right of action, an alleged violation of § 1327 might be enforced under 11 U.S.C. § 105, which provides the bankruptcy courts with authority to exercise their equitable powers where necessary or appropriate to implement another Bankruptcy Code provision.  And some courts have held that § 105 does authorize bankruptcy courts to award damages.  *See Nat'l Indem. Co. v. Prioa (In re Prioa)*, 35 B.R. 385, 388–89 (Bankr. D. R.I. 1983) (sanctioning a debtor for fraud without finding him in contempt or establishing the elements of a state law fraud claim); *Mercantile Nat'l Bank at Dallas v. Aerosmith Denton Corp. (In re Aerosmith Denton Corp.)*, 36 B.R. 116, 119 (Bankr. N.D. Tex. 1983) (awarding creditor a replacement lien for cash collateral that debtor improperly spent).  But we have held to the contrary.  *See Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 423 (6th Cir. 2000); *Kelvin v. Avon Printing Co. (In re Matter of Kelvin Pub., Inc.)*, No. 94-1999, 1995 WL 734481, at *4 (6th Cir. Dec. 11, 1995) (per curiam) ("[W]e do not read § 105 as conferring on courts such broad remedial powers.").  Accordingly, Harchar's plan-violation claim was properly dismissed.

## B.  Stay Violation

Harchar next argues that the district court erred in granting summary judgment in favor of the IRS on her claim that the IRS violated section 362(a)(3) by "freezing" the automatic processing of her tax refund and by holding onto that refund while it petitioned the bankruptcy court to modify the confirmed plan and have the refund turned over to the trustee.  She notes that in 2005 Congress enacted Bankruptcy Code section 362(b)(26), which granted the IRS limited authority to setoff pre-petition refunds against pre-petition tax obligations, and reasons that that provision would be unnecessary if the IRS had broad authority to "freeze" post-petition tax refunds.  She also directs us to *Thompson v. General Motors Acceptance Corp., LLC*, 566 F. 3d 699 (7th Cir. 2009), in which the defendant was held to have violated the automatic stay by refusing to return,

post-petition, a vehicle that was lawfully repossessed pre-petition, and *TranSouth Fin. Corp. v. Sharon (In re Sharon)*, 234 B.R. 676 (B.A.P. 6th Cir. 1999), in which the court found that a creditor, who had legally repossessed a debtor's car pre-petition, was under an affirmative duty pursuant to section 362(a)(3) to return the car once a proper demand for the property's return was made.[6]

We review the grant of summary judgment in favor of the IRS de novo. *Superior Bank, FSB v. Boyd (In re Lewis)*, 398 F.3d 735, 746 (6th Cir. 2005). Section 362(a)(3) provides that the filing of an application for bankruptcy stays: "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). This provision previously covered only "any act to obtain possession of property of or from the estate," but, in 1984, Congress added the phrase "or to exercise control over property of the estate." *In re Javens*, 107 F.3d 359, 368 (6th Cir. 1997). The addition of this language, as we have noted, "hints . . . . that this kind of 'control' might be a broadening of the concept of possession" or that "(a)(3) applie[s] to property of the estate that was not in the possession of the debtor." *Id.* But the analysis is flexible, not technical, and varies with the facts of each case. *See, e.g.*, *In re Burrow*, 36 B.R. 960, 963 (Bankr. D. Utah 1984) (emphasis added) (holding that the IRS freeze resulted in a stay violation because it "delayed the payment of debtors' tax refund *far beyond* the time when it normally would have been paid."); *In re Price*, 134 B.R. 313, 330 (Bankr. N.D. Ill. 1991) (holding that a delay by the IRS in processing a tax refund did not give rise to a stay violation because

---

[6]Harchar also makes three other arguments, but none of them deserves extended review. First, Harchar asserts that Judge Gaughan's decision affirming the bankruptcy court's denial of the IRS's motion to dismiss already decided that, as a matter of law, the IRS violated section 362(a)(3). Judge Gaughan merely found, however, that the bankruptcy court properly denied the IRS's motion to dismiss; her decision in no way barred Judge Speer's later determination that the IRS was entitled to summary judgment on the stay-violation claims. Second, Harchar claims that the district court impermissibly legislated by excepting the IRS from section 362(a)(3) when that provision states that it applies to "all entities," including the IRS. But the district court never held or even suggested that the IRS, as an entity, was not subject to section 363(a)(3). Third, Harchar asserts that the district court, adopting the bankruptcy court's analysis, improperly concluded that the IRS faced a Hobson's Choice because it could either "implement the V-Freeze and be found on that basis, alone, to have violated the stay; or, do not implement the V-Freeze and hope that its automated system will not commit a violation of the stay such as by sending collection notices to a debtor or by taking off set on a pre-petition tax liability," when the IRS was not limited to freeze or not to freeze options. The bankruptcy court expressly acknowledged, however, that the IRS could adjust the freeze code to permit automated issuance of post-petition refunds while still preventing violations of the automatic stay through things like automatic issuance of a collection notice. It simply held that the IRS was not required to fully automate the refund process for bankrupt claimants.

the only evidence "affirms that the manual processing of the Debtors' tax returns is done by the IRS to avoid an automatic setoff which the computer system would otherwise effectuate").

Harchar's contention that the grant of a right to setoff under section 362(b)(26) would be unnecessary if the IRS could "freeze" refunds of debtors without violating section 362(a)(3) is without merit. A setoff is an intentional taking of funds to satisfy a mutual debt; the IRS's so-called "freeze" is nothing more than the manual processing of a debtor's refund claim to allow the IRS to decide whether to file a motion to modify a debtor's plan, check whether the debtor has defaulted on a plan and preserve its pre-petition right of setoff, or determine if it needs to send the tax refund to the trustee rather than the debtor, among other things. Congress's exception for setoffs does not logically preclude such manual processing. Nor are Harchar's citations to *Thompson* and *In re Sharon* availing. Those cases addressed the turnover of tangible property pursuant to 11 U.S.C. § 542(a), while the property in this case is a debt subject to turnover under 11 U.S.C. § 542(b). *See In re Calvin*, 329 B.R. 589, 601 (Bankr. S.D. Tex. 2005) (when a debt is at issue, § 542(b), being a more specific statute, applies over § 542(a)); *see also In re Bourne*, 262 B.R. 745, 756 (Bankr. E.D. Tenn. 2001) (turnover request for tax refund covered by § 542(b), not § 542(a)). The difference matters.

Section 542(b) provides that "an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor." *Id.* Whether a party has an interest in property and the extent of that interest is determined by applicable nonbankruptcy law. *See Butner v. United States*, 440 U.S. 48, 54–55 (1979). Here, Harchar's refund was not "matured, payable on demand, or payable on order" until at least May 30, 2000, when she became entitled to interest on her refund pursuant to the tax code. *See* 26 U.S.C. § 6611(e)(1).[7] Inasmuch as the refund was not due before the

---

[7]The May 30, 2000, date assumes that the 45 days starts to run on April 15, when taxes are due, as the bankruptcy court found. Harchar does not contend otherwise.

IRS moved to modify the plan, the IRS could not have exercised control over it by failing to turn it over. Moreover, the evidence in this case shows that the delay was due to processing time, not any attempt by the IRS to exercise control over the refund. When asked by Harchar's counsel if there was "any reason for the time between 3/15 and 4/21," Robert Butts, an IRS advisor who worked on the Harchars' refund, answered: "Just normal business processing, other case loads[.]" *Cf. In re Burrow*, 36 B.R. 960, 962 (Bankr. Utah 1984) (finding that an unexplained six-month delay before the filing of a motion for relief in the bankruptcy court was an exercise of control by the IRS).

Harchar contends that Butts's use of the word "taking" in his notes memorializing a phone call with her, and her testimony that Butts told her that she "did not deserve" the refund, show that the IRS exercised "control" over her refund. As the bankruptcy court noted, however, to equate the use of the word "taking" with an act to exercise control of estate property belies its context, since the log entry was simply a notation used by Butts to provide a summary of what occurred during his telephone conversion with Harchar. Butts's alleged statement that Harchar "did not deserve" her refund also does not show that the IRS exercised control over her refund because it could only be reasonably construed as a "blurt of the tongue." *Harchar*, 393 B.R. at 180. Furthermore, by the time these events took place on or after May 2, 2000, Butts had already referred the matter to counsel to file a motion for modification of the plan on April 21, 2000, and counsel had already filed such a motion on April 27, 2000. The evidence supports only one reasonable inference: the IRS was seeking through the bankruptcy court to turn over the refund to the trustee for the benefit of all of the Harchars' unsecured creditors. Accordingly, we hold that the IRS did not "control" the refund by taking a little over a month to manually process the claim.

Nor does the fact that the IRS failed to issue the refund while its motion to modify the plan was pending show that it exercised control over the Harchars' refund in violation of the automatic stay. Tax refunds for Chapter 13 debtors are considered income. *See Freeman v. Schulman (In re Freeman)*, 86 F.3d 478, 481–82 (6th Cir. 1996). And in a Chapter 13 bankruptcy, a debtor is required to devote all of her

"disposable income" to her plan of reorganization.  11 U.S.C. § 1325(b).  Thus, as the district court explained, "it does not seem out of the ordinary that the IRS would want to seek to modify the Debtors' plan because . . . the 'plan provided for only a 5% dividend on the IRS's unsecured claim of $6,335 and the $4,303 overpayment, if treated as disposable income and turned over to the trustee, was large enough to increase that percentage substantially . . . .'"  Because there was a reasonable basis for the IRS's motion, and because the IRS issued the refund immediately after it became clear that its motion would not succeed, we hold that the IRS did not exercise control over the refund by refusing to moot its motion by issuing the refund sooner.  *Cf. In re Rivera*, 345 B.R. 229, 235 (Bankr. E.D. Cal. 2005) (placing of an administrative freeze on a pre-petition tax refund owing to a Chapter 13 debtor, pending motion by the IRS for relief from stay to exercise right of setoff, was not violation of automatic stay).

Harchar also argues that the IRS violated the automatic stay pursuant to section 362(a)(6) because its motion to modify the plan was a "smokescreen" for its attempt to coerce her into repaying, and because, by simply holding onto the refund, the IRS could have precipitated a plan failure by depriving the Harchars of the funds needed to make the plan payments, or at least have put itself in a better position vis-a-vis other creditors had they otherwise been unable to make those payments.  We disagree.  "[A] course of conduct violates § 362(a)(6) if it (1) could reasonably be expected to have a significant impact on the debtor's determination as to whether to repay, and (2) is contrary to what a reasonable person would consider to be fair under the circumstances."  *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 423 (6th Cir. 2000).  There is no evidence of coercion here.  Indeed, as the bankruptcy court noted, the only contact between Harchar and the IRS were phone calls, which Harchar initiated.  Additionally, assuming that the Harchars' failure to immediately receive their refund did affect their ability to make the payments required by the bankruptcy plan, the IRS's conduct could not reasonably be expected to have had a significant impact on their determination as to whether to repay because the plan did not anticipate such a large refund, the pre-motion-to-modify delay was minimal, and the Harchars never moved the bankruptcy court for an order of

immediate turnover.  The district court properly affirmed the bankruptcy court's grant of summary judgment in favor of the IRS.

Having found that the IRS did not violate section 362(a)(3) or section 362(a)(6), we need not address the IRS's arguments that the refund was not property of the estate and that any stay violation was not willful or Harchar's contention that she was entitled to amend her complaint to add a claim for emotional distress damages as a result of the alleged stay violation.

## C.  Due Process

This brings us to Harchar's argument that by freezing her post-petition tax refund without notice and without providing an opportunity to make a timely objection to the seizure, the IRS violated her right to procedural due process of law under the Fifth Amendment to the United States Constitution.  The bankruptcy court held that it lacked subject-matter jurisdiction over this claim because the IRS was immune from suit, and the district court affirmed.  We review the claim de novo.  *Hollins v. Methodist Healthcare, Inc.*, 474 F.3d 223, 225 (6th Cir. 2007).

It is well-settled that "the United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  *United States v. Dalm*, 494 U.S. 596, 608 (1990) (citation and internal quotation marks omitted).  Although "[a] waiver of sovereign immunity cannot be implied but must be unequivocally expressed," *Selden Apartments v. U.S. Dep't of Hous. and Urban Dev.*, 785 F.2d 152, 156 (6th Cir. 1986) (citation and internal quotation marks omitted), we must not adopt a "crabbed construction" of statutory language or demand that Congress use a "ritualistic formula" to relinquish sovereign immunity.  *Franchise Tax Bd. v. U.S. Postal Serv.*, 467 U.S. 512, 521 (1984).

Harchar argues that the IRS waived its immunity pursuant to section 106(b) when it filed a proof of claim in the bankruptcy case.**8**    Under section 106(b), "[a] governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose."  11 U.S.C. § 106(b).  This means, in practice, that "when the government files a proof of claim against the debtor, the debtor may bring a counterclaim against the government if (1) the property that the debtor claims is the property of the estate, and (2) the debtor's claim arises out of the same transaction or occurrence as the government's claim."  *Gordon Sel-Way, Inc. v. United States (In re Gordon Sel-Way, Inc.)*, 270 F.3d 280, 285 (6th Cir. 2001).  Because this "same transaction" language was borrowed from Rule 13 of the Federal Rules of Civil Procedure, we may rely on Rule 13 jurisprudence in interpreting section 106(b).  *Id.* at 287.

The bankruptcy court found that Harchar's claim did not arise out of the same transaction or occurrence as any of the government's claims against the Harchars for back taxes.  It noted that courts applying Rule 13 have asked whether there is a logical relationship between the two claims; whether the issues of fact and law are largely the same; whether res judicata would bar a subsequent suit on the counterclaim; and whether substantially the same evidence would support both the claim and counterclaim.  *Harchar v. United States (In re Harchar)*, No. 98–13277, 2006 WL 3196846, at *4 (Bankr. N.D. Ohio, Oct. 4, 2006) (citing *Brown v. United States (In re Rebel Coal Co.)*, 944 F.2d 320, 321–22 (6th Cir. 1991)).  It then concluded that because the IRS's and Harchar's claims are "not connected in time," require "consideration of different law and evidence," and because Harchar's due process claim would not be barred by "res

---

**8**Harchar also contends that the IRS was divested of immunity pursuant to 26 U.S.C. § 7433(a). However, Harchar never raised this issue below, and we "will not consider arguments raised for the first time on appeal unless our failure to consider the issue will result in a plain miscarriage of justice." *Hood v. Tenn. Student Assistance Corp. (In re Hood)*, 319 F.3d 755, 760 (6th Cir. 2003) (citation and internal quotation marks omitted).  There could be no plain miscarriage of justice here because section 7433(a) does not apply in the absence of a code violation, *see* 26 U.S.C. § 7433(a), and we have found none.  We therefore do not address the claim.

judicata," the claims did not arise out of the same transaction or occurrence, and therefore the IRS had not waived sovereign immunity under section 106(b). *Id.* The district court determined that this analysis was "correct." *Harchar v. United States*, 435 B.R. 480, 488 (N.D. Ohio 2010). Upon review, we agree.

Harchar argues otherwise, citing our decision in *In re Gordon Sel-Way, Inc.* for the proposition that a transaction "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." 270 F.3d at 287 (quoting *United States v. Southern Constr. Co.*, 293 F.2d 493, 500 (6th Cir. 1961), *rev'd in part on other grounds*, 371 U.S. 57, 83 (1962) (internal quotation marks omitted)). But in *In re Gordon Sel-Way, Inc.* we found that "there is clearly a logical relationship between the claims, since they . . . both proceed from Sel-Way's tax liability for 1987 and 1989." *Id.* Here, in contrast, any logical relationship is far more attenuated because the IRS's "proof of claims" related to the Harchar's 1993, 1994, 1995, and 1997 returns, while her due process claim stemmed from the IRS's manual processing of their 1999 return. We hold that Harchar's due process claim in this case does not arise out of the same transaction or occurrence as the IRS's earlier claims. Accordingly, the IRS did not waive its sovereign immunity pursuant to section 106(b), and Harchar's due process claim was correctly dismissed.

## D. Cross-Appeal

The IRS has filed an unopposed motion to dismiss its cross-appeal of the district court's June 6, 2007, order, claiming that it need not have filed the appeal in order to preserve its argument that the refund was not property of the estate. We agree and therefore grant the motion.

## III.

For these reasons, we affirm the dismissal of Harchar's claims that the IRS violated the bankruptcy confirmed plan and her constitutional right to due process; the grant of summary judgment in favor of the government on Harchar's claim that the IRS willfully violated the automatic stay provisions of sections 362(a)(3) and 362(a)(6); and

the denial of Harchar's motion to amend her complaint to add emotional distress damages for violation of the automatic stay as moot. We also grant the IRS's motion to dismiss its cross-appeal.