CLIFTON, Circuit Judge.
Jerry and Donna Harleston commenced an adversary proceeding against the Cali *701 fornia Board of Equalization for a declaratory judgment that their debt to the Board was discharged in a previous bankruptcy proceeding in which the Board had filed a proof of claim. The Board moved for judgment on the pleadings on the ground that it enjoyed sovereign immunity. The bankruptcy court denied the motion. The Bankruptcy Appellate Panel affirmed, concluding that the Board had waived its sovereign immunity by filing a proof of claim in the bankruptcy proceeding. We affirm.
I. BACKGROUND
The Harlestons filed a Chapter 13 bankruptcy petition in February 1998. The Board filed a proof of claim, alleging a fully secured debt. The Harlestons objected that the debt was unsecured. The bankruptcy court entered an order (the “Order”) stating that the claim was not a priority claim under 11 U.S.C. § 507(a)(8), and set an evidentiary hearing to determine the extent of the claim’s secured status. The court converted the case to Chapter 7 status in March 1999 and entered a discharge order in June 1999. The evidentiary hearing that had been set was struck for want of prosecution after the conversion to Chapter 7 status.
In May 2001, the Board commenced collection efforts outside of the bankruptcy court proceedings, sending an earnings withholding order to Jerry Harleston’s employer. The Harlestons responded by filing in bankruptcy court a complaint for declaratory relief, seeking a judgment that: (1) the Order amounted to an order that the debt was dischargeable; (2) the Order barred further adjudication of the issue of dischargeability under the doctrine of res judicata; and (3) the Harlestons’ debt to the Board had been discharged. The Board moved for judgment on the pleadings, asserting that the bankruptcy court lacked jurisdiction over the Harlestons’ adversary proceeding under the Eleventh Amendment. The bankruptcy court denied the motion.
The BAP affirmed that denial on interlocutory appeal, concluding that the Board had waived sovereign immunity with respect to the Harlestons’ adversary proceeding by filing its proof of claim. 275 B.R. 546 (9th Cir.BAP 2002). The Board timely appealed from that decision.
II. DISCUSSION
Under the collateral order doctrine, we have jurisdiction over the Board’s appeal from a denial of Eleventh Amendment immunity. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 147, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993). We review de novo whether the Board is entitled to sovereign immunity. See Schulman v. Cal. (In re Lazar), 237 F.3d 967, 974 (9th Cir.2001).
“Under the Eleventh Amendment, a state is immune from suit under state or federal law by private parties in federal court absent a valid abrogation of that immunity or an express waiver by the state.” Mitchell v. Franchise Tax Bd. (In re Mitchell), 209 F.3d 1111, 1115-16 (9th Cir.2000). That immunity applies to state agencies as well. Id. at 1116 n. 1. A state may waive its immunity if it voluntarily invokes the jurisdiction of a federal court or if it makes a “clear declaration” that it intends to submit itself to federal court jurisdiction. Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 675-76, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999) (citations omitted).
In the bankruptcy context, the Supreme Court has held that a state, by filing a proof of claim, waives its sovereign immunity with respect to adjudication of that claim:
*702 It is traditional bankruptcy law that he who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide the consequences of that procedure. [Citation omitted.] ... When the State becomes the actor and files a claim against the fund, it waives any immunity which it otherwise might have had respecting the adjudication of the claim.
Gardner v. New Jersey, 329 U.S. 565, 573-74, 67 S.Ct. 467, 91 L.Ed. 504 (1947).[1] Accordingly, we have held that, when a state files a proof of claim for unpaid tax debts, it waives its sovereign immunity with respect to a court’s determination that those debts are dischargeable. See Cal. Franchise Tax Bd. v. Jackson (In re Jackson), 184 F.3d 1046, 1049 (9th Cir.1999).
The scope of the waiver is not limited to adjudication of the proof of claim. “[W]hen a state or an ‘arm of-the state’ files a proof of claim in a bankruptcy proceeding, the state waives its Eleventh Amendment immunity with regard to the bankruptcy estate’s claims that arise from the same transaction or occurrence as the state’s claim.” Lazar, 237 F.3d at 978. Thus, the key question is whether the Harlestons’ adversary proceeding arises from the same transaction or occurrence as the Board’s claim. We hold that it does.
To determine whether the “same transaction or occurrence” requirement is met, we apply the “logical relationship” test delineated in Pinkstaff v. United States (In re Pinkstaff), 974 F.2d 113 (9th Cir.1992):
A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant.
Lazar, 237 F.3d at 979 (quoting Pinkstaff, 974 F.2d at 115).
The Lazars were gas station operators who filed a bankruptcy petition after having their bank accounts seized by the state of California for failure to pay gasoline taxes, including taxes payable to the California Underground Storage Tank Cleanup Fund (the “Fund”). Lazar, 237 F.3d at 971. Before filing for bankruptcy, the Lazars filed claims against the Fund to recover costs associated with correcting leaks from underground storage tanks. During bankruptcy proceedings, the Board of Equalization submitted proofs of claim against the Lazars for the unpaid taxes. After their claims against the Fund failed administratively, the Lazars commenced a mandamus adversary proceeding in state court. Id. at 972. When the Lazars removed that proceeding to federal bank *703 ruptcy court, the Board objected in part that the bankruptcy court lacked jurisdiction under the Eleventh Amendment. Id. at 972-73.
We rejected that argument, ruling that the Board had waived its sovereign immunity with respect to the adversary proceeding because that proceeding was “logically related” to the bankruptcy case:
The [Board’s] proofs of claims for unpaid [underground storage tank] fees and the Trustee’s claims in the Mandamus Adversary both concern the Fund and both arise out of activities associated with the same bankruptcy case. While the BOE demands payments of fees to the Fund, the Trustee seeks reimbursement from the Fund for corrective actions taken on underground storage tanks. Moreover, the Fund collects fees from owners and operators of underground storage tanks for the ultimate purpose of paying reimbursement claims when those tanks leak petroleum. Therefore, we hold that the Trustee’s claims against the State Board in the Mandamus Adversary are logically related to the proofs of claims filed by the [Board] for unpaid [underground storage tank] fees.
Id. at 980 (internal citations omitted).
The current adversary proceeding has an even closer logical relationship to the Board’s proof of claim than was the case in Lazar. Whereas the proceedings in Lazar were related because they arose out of the same activities and both involved the Fund, the proceedings in this case involve the same order. In their adversary proceeding, the Harlestons are essentially asking the court to rule on the scope of the order in the bankruptcy proceeding. Jackson made clear that sovereign immunity did not bar the bankruptcy court from determining the dischargeability of the Harlestons’ debt to the Board. The Harlestons now simply seek a declaration that the bankruptcy proceeding did in fact discharge that debt. As the adversary proceeding seeks to clarify the scope of the bankruptcy proceeding, the proceedings are logically related. The same set of operative facts underlies both.
Mitchell compels no different result. The Mitchells filed a bankruptcy petition and the bankruptcy court issued a general discharge order as to all pre-petition debts. The Mitchells then commenced an adversary proceeding against the California Franchise Tax Board (the “FTB”) and the Board of Equalization, seeking in part to determine the amount and dischargeability of their debt to the FTB. 209 F.3d at 1115. We held that the adversary proceeding constituted a suit for Eleventh Amendment purposes. Id. at 1116-17. We went on to conclude that the state had not waived its sovereign immunity because it had made no “clear declaration of the state’s intention to waive its immunity.” Id. at 1118 (internal quotation marks and citation omitted).
The present case is distinguishable from Mitchell because the state did not file a proof of claim in that case. See 209 F.3d at 1115. In fact, we expressly stated in Mitchell that, “because the State did not file a proof of claim in either case, it did not waive its immunity under 11 U.S.C. § 106(b). Cf. In re Jackson, 184 F.3d at 1050 (finding that a state waived its Eleventh Amendment immunity when it filed a proof of claim).” 209 F.3d at 1118. Through this statement and citation to Jackson, we acknowledged that when, as here, the state files a proof of claim, it waives sovereign immunity with respect to an adversary proceeding arising from the same transaction or occurrence as that claim.
Our holding does not conflict with United States v. United States Fidelity & *704 Guar. Co., 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894 (1940), as the Board contends. That case is inapposite because it concerned the sovereign immunity not of a state, but of the federal government and the Indian Nations. See id. at 512, 60 S.Ct. 653. It did “not involve the Eleventh Amendment — a specific text with a history that focuses upon the State’s sovereignty vis-a-vis the Federal Government.” Lapides v. Board of Regents, 535 U.S. 613, 623, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002). Thus, it is not controlling.
For the foregoing reasons, the judgment of the Bankruptcy Appellate Panel is AFFIRMED.

. The decision in Gardner was codified at 11 U.S.C. § 106(b), which states:
A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.
See Cal. Franchise Tax Board v. Jackson (In re Jackson), 184 F.3d 1046, 1049 (9th Cir.1999). Questions have arisen as to whether Congress may constitutionally abrogate a state’s sovereign immunity via § 106(b). See Lazar, 237 F.3d at 980-81; Jackson, 184 F.3d at 1049-50. We need not decide that issue, however, because the caselaw disposes of the sovereign immunity question. Cf. Lazar, 237 F.3d at 981 (refraining from deciding the constitutionality of § 106(b)); Jackson, 184 F.3d at 1050 (same).